(No. 40296.—■■■■■■■■■■

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LON CHRISTOPHER SIGAFUS, Appellant.

*Opinion filed January 19, 1968.*

LeRoy J. Tornquist, of Chicago, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and William R. Nash, State's Attorney, of Rockford, (Daniel D. Doyle, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Ward delivered the opinion of the court:

On May 26, 1965, the petitioner, Lon Christopher Sigafus, pleaded guilty in the circuit court of Winnebago County to a charge of theft. He was sentenced to the penitentiary for a term of 2 to 7 years. In June of 1966 the petitioner filed a petition seeking relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1965, chap. 38, par. 122—1 *et seq.*) He now appeals to this court from the trial court's denial of the petition. We deem that the cause must be reversed and remanded for new proceedings on the petition, including an evidentiary hearing.

In his petition the petitioner alleged, *inter alia,* that he had entered a plea of guilty in reliance on a promise of the

prosecutor that if he so pleaded the charge would be treated as a misdemeanor and a sentence of one year or less would be given. As stated, a 2-to-7-year sentence was imposed. The petition further alleged that the promise was made in the hallway outside the courtroom on the third floor of the Winnebago County courthouse in the presence and with the approval of petitioner's attorney. In the State's answering affidavit to the petition, it was denied that any representations or promises to the defendant with respect to sentence had been made.

The conflicting representations of the petitioner and the prosecutor created a factual issue as to a claimed occurrence upon which the record casts no helpful light. When a claim of substantial constitutional denial is based on assertions beyond the record it is contemplated by the Post-Conviction Hearing Act that evidence be taken. (See *People v. Airmers,* 34 Ill.2d 222, 226.) Here, no evidentiary hearing was held. None of the three persons who allegedly formed the bargain pursuant to the claimed promise were called to testify nor were present at the proceedings had on the petition.

This court recently had occasion to consider a setting resembling the one presented by this case in *People v. Washington,* 38 Ill.2d 446. The defendant there claimed in his post-conviction petition that he had entered a plea of guilty to a murder charge in reliance on his attorney's alleged representation that an agreement as to sentence had been made with the prosecutor and the trial judge. It was claimed there was an agreement that the defendant was to receive a 14-year sentence in exchange for his plea of guilty. The defendant was given a 25-year sentence. The trial court dismissed the defendant's petition on the State's motion without an evidentiary hearing. We stated in *Washington* that: "A prosecutor's unfulfilled promise of a reduced sentence, or a misrepresentation by the trial judge as to the

sentence to be imposed, invalidates a plea of guilty. 'A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack.' *Machibroda* v. *United States,* (1962) 368 U.S. 487, 493, 7 L. Ed. 2d 473, 478; see also *McKeag* v. *People,* (1956) 7 Ill.2d 586, 588-89; *People* v. *Ross,* (1951) 409 Ill. 599, 604; *People* v. *Jameson,* (1944), 387 Ill. 367, 377; *People* v. *Moore,* (1931) 342 Ill. 316, 320; *People* v. *Carzoli,* (1930) 340 Ill. 587, 594. See Comment,' 32 U. Chi. L. Rev. 167, 168-78 (1964.)" We accordingly held that the defendant was entitled to a hearing in the trial court to determine whether there had been such an unfulfilled agreement, which, if found, would have invalidated the defendant's plea of guilty.

Here, too, if the allegation of a bargain as is described in the petition is true, the petitioner is entitled to have his plea of guilty vacated. We deem that this allegation can be determined to be truthful or otherwise only through an evidentiary hearing, at which the petitioner, the prosecutor and petitioner's trial counsel can give testimony.

We judge that counsel other than the public defender should be appointed to represent the petitioner in further proceedings on his petition. Sigafus filed his petition *pro se.* One of the allegations made by him was that his trial counsel, who had been appointed by the court, incompetently represented him. The trial court appointed the public defender of Winnebago County to represent the petitioner at the proceedings on his petition. Between the time of the petitioner's sentencing and the appointment of the public defender to serve on the petition, the attorney whose professional service is under criticism was appointed as the sole assistant to the public defender. Under these circumstances we believe it inappropriate that the public defender should continue to represent the petitioner.

In *People* v. *Smith*, 37 Ill.2d 622, different members of the same public defender's office were appointed respectively to represent the defendant in the trial court, where he pleaded guilty, and also there in post-conviction proceedings in which he alleged, *inter alia,* trial counsel's incompetency. We held in *Smith* that counsel other than the public defender should be appointed to represent the defendant at a new hearing on his petition, because under the circumstances the public defender's office was confronted with a clear conflict of interest. "[I]ts natural inclination would be to protect its reputation by defending against the charges of incompetency while, on the other hand, its duty as an advocate is to aid petitioner in establishing the veracity of these charges." (37 Ill.2d at 624.) A similar conflict of interest suggested itself here when the petitioner's original attorney became the sole assistant to the public defender, whose duty, within proper bounds, it became to seek to support the petitioner's allegation that he was incompetently represented. Such effort, it would appear, may also require a careful and perhaps searching examination of his new assistant in the public defender's role of the advocate for the petitioner.

In light of the foregoing, we do not find it necessary to consider the other allegations raised by the petitioner, as, if appropriate, they will be considered in the circuit court.

The judgment is reversed and the cause remanded to the circuit court of Winnebago County with directions for further proceedings consistent with the views expressed herein.

*Reversed and remanded, with directions.*