(No. 41013.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LELAND FERREE, Appellant.

*Opinion filed September 24, 1968.*

LELAND FERREE, *pro se.*

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from an order of the circuit court of Piatt County dismissing Leland Ferree's petition under the Post-Conviction Hearing Act. Ill. Rev. Stat. 1967, chap. 38, pars. 122—1 *et seq.*

Petitioner was convicted of burglary and larceny in May 1952, and sentenced to the penitentiary for a term of five years to life. In March 1966, he was put on parole for a five-year period but in May of 1966, he was convicted of a misdemeanor and sentenced to the penal farm for one year. On June 8, 1966, he was transferred to the penitentiary at Menard where he served the balance of his one-year sentence terminating March 1, 1967. On that date the Parole and Pardon Board ordered that he be held for eighteen months for violation of his parole. His *pro se* petition recited these facts and advanced certain allegations of constitutional improprieties related to his present incarceration, to-wit: that his original sentence denied him equal protection of law because persons presently convicted of burglary are now given indeterminate sentences and are not subject to a potential life sentence, that his detention after serving the misdemeanor sentence was a denial of due process because he was put in double jeopardy and made to serve two sentences for the same offense, that the Parole and Pardon Board had no jurisdiction to resentence him upon termination of his misdemeanor sentence, and that its actions usurped judicial functions in violation of the separation-of-powers doctrine. In the proceedings had on the petition, petitioner was represented by appointed counsel. On the State's motion, the trial court dismissed the petition and petitioner instituted the present appeal, reasserting his claims of constitutional error.

Section 122—1 of the Post-Conviction Hearing Act is jurisdictional in nature and limits the subject matter reviewable under that Act. It provides, in pertinent part: "Any person imprisoned in the penitentiary who asserts that *in the proceedings which resulted in his conviction*

there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article." (Emphasis ours.) Since none of the allegations of constitutional violations raised in his petition are related to the proceedings which resulted in his conviction, they are not reviewable under the Post-Conviction Hearing Act. We therefore affirm the judgment of the circuit court of Piatt County dismissing the petition.

*Judgment affirmed.*