THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY McCLAINE *et al.,* Defendants-Appellants—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT JOHNSON *et al.,* Defendants-Appellants.)

(No. 54382;

First District—March 24, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Suzanne M. Kohn and James J. Doherty, Assistant Public Defenders, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Michael J. Goldstein, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal by the defendants, Anthony McClaine, Melvin Jackson, Danny Skenandore, Robert Johnson, Van Lee and Ronald White, who were all found guilty by a jury in the Circuit Court of Cook County of deviate sexual assault upon one, James Brunoehler. The court sentenced all defendants to the penitentiary for the following

terms: McClaine, six to ten years; Jackson, five to ten years; Johnson, six to ten years; Skenandore, four to seven years; White, four to seven years; and Lee, five to ten years. All persons involved were inmates of the County Jail of Cook County at the time of the alleged assaults.

James Brunoehler, an inmate of the County Jail, was the victim of homosexual assaults on the evening of September 17, 1968. At about 7:00 P.M. on the 16th, complainant left the cell of John Palaggi at the request of three of the defendants, who said they wanted to talk to him privately. Once outside the cell he was told to go along with them and he would not be hurt. Defendant McClaine then threatened him with a razor blade and hit him on the cheek with his fist. Brunoehler was led to cell No. 4, where he was sexually assaulted by four men.

The second assault occurred between midnight and 2:00 A.M. He was awakened in his cell and told to accompany defendants White and Johnson or "they'd start trouble." Once again he was led to cell No. 4 and was the subject of sexual assaults by three men. Brunoehler did not make an outcry during either assault and did not make a complaint to prison authorities until the morning of the 17th, a few hours after the assaults.

The prison doctor, Peter Rasudis, testified that his examination of the victim, conducted on the 17th, revealed abrasions of the face and rectum. The doctor said these abrasions could have been caused by any "violency."

Complainant made preliminary identifications of the defendants from jail identification cards. In court he identified the first four assailants as Anthony McClaine, Danny Skenandore, Melvin Jackson and Robert Johnson; and the second group of assailants as Van Lee, Ronald White and Robert Johnson. After a jury trial all of the defendants were convicted of deviate sexual assault.

On appeal they argue that the identification was tenuous and, coupled with the absence of outcry and corroboration, was not sufficient to sustain a conviction; that mandatory impeachment of defendants by record of prior convictions for armed robbery deprived them of due process and equal protection of the law; that impeachment of a defense witness by cross-examination as to charges not resulting in convictions denied defendants a fair trial; and that a jury instruction on circumstantial evidence in the absence of any such evidence denied the defendants a fair trial.

The main thrust of defendants' contentions is that the identification of the defendants was tenuous, and that lack of outcry and absence of other corroboration was insufficient to prove defendants guilty beyond a reasonable doubt. We find there was sufficient evidence on which to

base a conviction. The identification testimony was positive and unshaken. Complainant had ample time and opportunity to view the assailants despite the poor lighting. None of them attempted to conceal his face, and he had seen them all before, since they all lived on the same tier. The opportunity for observation was much greater here than in other cases in which convictions have been upheld. *People v. Lowe* (1969), 112 Ill.App.2d 399; *People v. Cardenas* (1968), 98 Ill.App.2d 446.

Moreover, the testimony of the complaining witness was corroborated in part by John Palaggi, another inmate. He was able to identify McClaine and Johnson as two of the men who came to his cell to get Brunoehler, who was sitting there talking just prior to the first assault. He heard McClaine say if anything was said he would slit Brunoehler's throat, and McClaine had a razor in his hand. Brunoehler went with them. Palaggi saw Brunoehler about half an hour later, and he had a mark on his right eye, his shirt and his hair were messed up.

The lack of outcry and failure to immediately report the attacks are not significant. Brunoehler was struck in the face and then threatened with a razor blade if he did not cooperate. He was told not to say anything or he would be killed. It is not surprising that a nineteen year old would feel some hesitancy about reporting an assault of this nature for fear of reprisals, but he did report the assaults on September 17, and was examined by Dr. Peter Rasudis.

The defendants argue that the trial court erred in allowing evidence of defendants' prior convictions to be presented to the jury. The relevant statute, Ill. Rev. Stat., ch. 38, par. 155—1, provides:

"No person shall be disqualified as a witness in any criminal case or proceeding by reason of his interest in the event of same, as a party or otherwise, or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility."

The defendants' contention is that this statute vests the trial court, rather than the prosecuting attorney, with discretion to exclude prior conviction and that the trial court abused its discretion in this case. Until recently the Illinois courts have always rejected this argument. (*People v. Gilmore* (1969), 118 Ill.App.2d 100.) In *Gilmore,* the court said:

"Since the presentation of evidence to show an interest or prior conviction is the responsibility of the parties and not of the court, we too hold that 'may' does not grant discretion to the court to receive or reject the proof of a prior conviction. When properly presented it is mandatory that the court receive evidence of defendant's prior conviction."

■■ In *People v. Montgomery*, decided January 25, 1971, the Supreme Court of Illinois decided the court and not the State's Attorney has the discretion as to what evidence of this nature is admissible. However, the application of this ruling is to be prospective and has no effect in this case. The prosecutor's inquiry of a defense witness as to prior convictions was not prejudicial error.

■■ The defense initiated its case with Kirby Hardin, a fellow inmate. On direct examination the witness was asked by the defendants' counsel whether he was being held for armed robbery. Where the defense has opened up an area on direct examination, it cannot complain if the prosecutor pursues the matter on cross-examination. (*People v. Hampton* (1962), 24 Ill.2d 558.) On cross-examination the following exchange took place between the witness and the prosecuting attorney:

"Q. Were you convicted of armed robbery?

A. Well, I haven't been convicted yet. The cases are still pending."

No objection was made to either the question or the answer at trial. This failure is a waiver of the issue on appeal. (*People v. Myers* (1968), 94 Ill.App.2d 340.) Finally, the testimony of Hardin was limited to observations of the victim of the assault. His testimony was insignificant to the issue of the guilt or innocence of the defendants.

■■ The complained of instruction on circumstantial evidence read as follows:

"Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all other evidence in the case in arriving at your verdict."

The defendants argue that no circumstantial evidence was adduced at trial. The only direct evidence at trial was the testimony of Brunoehler. All the other evidence that the defendants committed the assault must be inferred and is indirect or circumstantial evidence.

We conclude that there is nothing in the record to support the defendants' contentions. The judgment of the trial court is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.