THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* OZARK NESBITT, Petitioner-Appellant.

(No. 56562;

First District—April 19, 1972.

Gerald W. Getty, Public Defender, of Chicago, (John T. Moran, Jr., and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant, Ozark Nesbitt, pleaded guilty to charges of murder and aggravated battery. He was sentenced to the penitentiary for not less than 14 years nor more than 14 years and one day for murder and not less than 5 years nor more than 10 years for aggravated battery, both sentences to run concurrently. Subsequently, defendant filed a *pro se* petition under the Post-Conviction Hearing Act, which was dismissed by the Circuit Court without an evidentiary hearing, and this appeal is from that order of dismissal.

In his petition defendant alleged that his constitutional rights were violated in that he was induced to plead guilty by the representation of his appointed attorney; that the defendant had no possibility of receiv-

124

ing a fair and impartial trial either by jury or court; and that the result of going to trial would be either the electric chair or life imprisonment. The petition, though sworn to by defendant, was unsupported by any other affidavits.

The State argues that the petition was properly dismissed and an evidentiary hearing denied because the affidavit of his appointed attorney was not attached to the petition and the petition itself failed to state facts establishing a deprivation of constitutional rights.

■■ The key factual issue raised in the petition was whether defendant's appointed attorney told the defendant that there was no possibility of receiving a fair and impartial trial and therefore he should plead guilty. When a claim of substantial constitutional denial is based on assertions beyond the record, the Post-Conviction Hearing Act provides for an evidentiary hearing. *People v. Sigafus*, 39 Ill.2d 68, 233 N.E.2d 386.

■■ Denial of a substantial constitutional right is factually alleged by defendant and denied by the State with nothing more to guide the court in its determination. Under such circumstances the dispute cannot be resolved without an evidentiary hearing which would inquire into the truth or falsity of defendant's factual allegations.

In *People v. Williams*, 47 Ill.2d 1, 264 N.E.2d 697, the Supreme Court at page 4 said:

"But the only affidavit that petitioner could possibly have furnished, other than his own sworn statement, would have been that of his attorney who allegedly made the misrepresentation to him. The difficulty or impossibility of obtaining such an affidavit is self-apparent."

We find in this case that the sworn statements of the petitioner warrant a fair inference of a violation of constitutional rights which are not negated by the State nor by the record, and that an evidentiary hearing is required to determine the truth or falsity of defendant's allegations.

For the reasons stated we hold that the Circuit Court of Cook County improperly allowed the motion to dismiss and the judgment of said court is reversed and the cause remanded with directions to overrule the motion and proceed to a hearing on the issue presented.

Reversed and remanded with directions.

DIERINGER, P. J., and BURMAN, J., concur.