THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* ANTHONY McCLAIN, Petitioner-Appellant.

(No. 58306;    )

First District (3rd Division)—November 15, 1973.

930

Steven P. Handler, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Sharon Grossman, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

Anthony McClain appeals from an order dismissing his petition for post-conviction relief. The underlying factual situation in the appeal pertains to two indictments for two separate acts of deviate sexual assault conducted by inmates of the County Jail of Cook County in September 1968. The assaults occurred five to seven hours apart and involved the same victim. McClain, Robert Johnson and two more inmates were indicted for the first assault; Johnson and two other inmates were indicted for the second offense. The two indictments were consolidated for trial and the defendants were represented by the same assistant public defender. All of the defendants were found guilty by a jury. McClain was sentenced to the penitentiary for a term of six to ten years. His conviction was appealed and affirmed. *People v. McClaine* (1971), 132 Ill. App.2d 669, 270 N.E.2d 176.

McClain thereafter filed a *pro se* petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*) and requested counsel other than the public defender. Private counsel was appointed for him and an amended petition was filed.

The petition questioned two aspects of his trial: the adequacy of his representation and the violation of his constitutional right to counsel and due process. He contended that his representation by the assistant public defender was grossly inadequate in the following respects: (a) he asked his counsel for a psychiatric examination and the request was rebuked as unnecessary despite his history of mental illness; (b) his counsel agreed to a consolidation of the two indictments despite his request for a severance; (c) his counsel failed to move for the appointment of separate counsel for the two groups of defendants despite the inherent conflict of interest between them, and (d) his counsel conducted an insufficient pre-trial investigation. An affidavit by a former chief psychologist of the Children's Memorial Hospital was attached to the petition. The affiant stated that he had examined and treated McClain on a regular basis, including approximately 42 visits, from December 1960 to June 1963. He concluded that McClain "was suffering from severe emotional and psychological problems and that he was in a position of trying abnormally to obtain evidence that people care and respect him."

The State moved to dismiss. In its motion the State claimed that the petition failed to raise a cognizable constitutional claim and that it was barred by res judicata. A hearing was held on the motion. After reviewing the exhibits and considering the arguments of counsel, the trial court ruled that the petition did not set forth sufficient grounds for relief and denied it without an evidentiary hearing.

McClain advances two contentions in this appeal: the facts in the petition showed a denial of the right to adequate representation, and his direct appeal did not bar him from raising in his post-conviction petition the inadequacy of his trial representation.

■■ Before an evidentiary hearing is required under the Post-Conviction Act a petitioner must make a substantial showing that a constitutional right was violated; allegations which amount to conclusions are not sufficient to require a post-conviction hearing. (*People v. Arbuckle* (1969), 42 Ill.2d 177, 246 N.E.2d 240.) In order to make a substantial showing the allegations must be supported either by the record in the case or by accompanying affidavits, or their absence must be sufficiently explained. (Ill. Rev. Stat. 1971, ch. 38, par. 122—2; *People v. Evans* (1967), 37 Ill.2d 27, 224 N.E.2d 778.) The affidavits of the petition must identify with reasonable certainty the source, character and availability of the alleged evidence supporting the petitioner's allegations. *People v. Curtis* (1971), 48 Ill.2d 25, 268 N.E.2d 29.

Two of the allegations in McClain's petition were sufficient to raise the question of the adequacy of his representation. The allegation concerning his request for a competency hearing contained more than a naked assertion. In his petition McClain contended that he asked his counsel for a psychiatric examination, but his counsel refused, saying that an examination would not be necessary. The petition stated that McClain believed the other defendants were witnesses to the request and response. Bolstering the competency allegation is an affidavit which bears upon the defendant's mental state. Thus, the sources, character and availability of the evidence were identified. With respect to the consolidation of the two cases, McClain contended that such action was contrary to his desires. He also stated that other defendants were witnesses to his request for a separate trial. The action of the defendant's counsel in agreeing to consolidate indictments for two separate offenses, which occurred at distinct times and which involved (with the exception of Robert Johnson) two different groups of defendants, strongly suggests indifference to McClain's individual defense. There is a possibility that McClain was prejudiced because this counsel represented all the defendants and there might have been a conflict of interest which prevented the attorney from giving McClain his undivided loyalty.

■■ Both of these charges of incompetency of counsel are substantial and are based upon assertions beyond the record. In such a situation, the Post-Conviction Hearing Act contemplates an evidentiary hearing. *People v. Williams* (1970), 47 Ill.2d 1, 264 N.E.2d 697; *People v. Nesbitt* (1972), 5 Ill.App.3d 123, 283 N.E.2d 294.

■■ The sworn statements of McClain, which must be accepted as

true for the purpose of the motion to dismiss, warrant a fair inference of a violation of constitutional rights which is not contradicted by the record. Therefore, an evidentiary hearing is required to determine the truth or falsity of his factual allegations, and, if found to be true, a determination must be made whether or not he was adequately represented by his trial counsel.

■■ First, however, we must examine the State's contention that the defendant waived consideration of his claim that he was incompetently represented by not raising this point in the direct appeal from his conviction. The purpose of the Post-Conviction Hearing Act is to provide a remedy for a person who has been imprisoned in violation of his constitutional rights (*People v. Eatmon* (1970), 47 Ill.2d 90, 264 N.E.2d 194), but the proceeding is not intended to provide a defendant with a second review of matters which have already been considered in a prior appellate review. (*People v. Agnello* (1966), 35 Ill.2d 611, 221 N.E.2d 658.) Issues actually raised on direct appeal are res judicata; those which could have been raised and were not are considered waived. *People v. French* (1970), 46 Ill.2d 104, 262 N.E.2d 901; *People v. McCarroll* (1973), 10 Ill.App.3d 249, 294 N.E.2d 52.

■■ McClain did not contend in his direct appeal that his trial counsel was incompetent. He argues that the omission should not be held against him because his appellate counsel and his trial counsel were from the same office—both were assistants in the Public Defender's Office of Cook County. The waiver rule has been relaxed where fundamental fairness so requires. (*People v. Hamby* (1965), 32 Ill.2d 291, 205 N.E.2d 456.) In *Hamby*, the rule was held inapplicable because the defendant initially sought to incorporate the claims which he later raised in his post-conviction petition in his direct appeal, but his counsel did not do so. Evidence of a frustrated attempt to raise a claim on direct appeal is an important factor in determining whether a reviewing court will relax the waiver rule and allow a claim to be considered in a post-conviction proceeding. *People v. Ashley* (1966), 34 Ill.2d 402, 216 N.E.2d 126.

■■ Although McClain's petition neither disclaimed the representation he received in the direct appeal nor charged that he was actually thwarted in raising the competency issue, we believe that his contention is valid and that the waiver rule should not be used to block a post-conviction hearing. It has been recognized that an inherent conflict of interest confronts the public defender's office when an assistant represents a petitioner in a post-conviction proceeding who charges that another assistant incompetently represented him at his trial. (*People v. Smith* (1967), 37 Ill.2d 622, 230 N.E.2d 169.) Similarly, an inherent conflict of interest would exist if an assistant public defender preparing an

appeal were confronted with evidence of trial incompetency by a member of the same staff. This might possibly deter the appellate lawyer from making the charge, particularly if he thought it was of borderline quality.

Representation by counsel from the same office could also inhibit a defendant from pressing the incompetency charge because of fear of alienating his appellate counsel. In a case such as this, where the record gives some credence to the incompetency contentions in the post-conviction petition, the waiver rule need not be invoked.

Fundamental fairness calls for a hearing on the petitioner's contentions. The dismissal of the amended post-conviction petition is reversed. The cause is remanded with instructions to vacate the order of dismissal and to grant the petitioner an evidentiary hearing on the petition.

Reversed and remanded with directions.

McNAMARA and McGLOON, JJ., concur.