**UNITED STATES of America ex rel. George T. WILLIAMS, Petitioner-Appellant,**

v.

**Elza BRANTLEY et al., Respondents-Appellees.**

No. 73-1883.

United States Court of Appeals, Seventh Circuit.

Argued April 23, 1974.

Decided Aug. 29, 1974.

Rehearing Denied Oct. 31, 1974.

Leslie G. Foschio and John C. Bruha, law student, Notre Dame, Ind., for petitioner-appellant.

William J. Scott, Atty. Gen., Raymond McKoski, Asst. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before SWYGERT, Chief Judge, FAIRCHILD, Circuit Judge, and SOLOMON*, Senior District Judge.

SWYGERT, Chief Judge.

Petitioner-appellant George T. Williams is appealing from the dismissal of his petition for a writ of habeas corpus. We reverse.

The question that is presented by this appeal is whether under the exhaustion of state remedies requirement of 28 U.S.C. § 2254(b) petitioner is required to appeal a dismissal of a state court post-conviction petition when the basis of that dismissal is a firmly entrenched state rule that a prior direct appeal is res judicata as to all issues that were raised or could have been raised.

Williams was convicted in 1963 of burglary and aggravated battery following a bench trial in the Circuit Court of Cook County, Illinois. He was sentenced to concurrent terms of ten to twenty years for the aggravated battery conviction and fifteen to twenty-five for the burglary. His conviction was affirmed by the Illinois Appellate Court (People v. Williams, 75 Ill.App.2d 342, 221 N.E.2d 28 (1966)) and leave to appeal was denied by the Illinois Supreme Court, 35 Ill.2d 630. After filing several petitions for writs of habeas corpus in federal court which were dismissed for failure to exhaust state remedies, Williams filed a petition for post-conviction relief under the Illinois Post-Conviction Hearing Act.[1] This petition was dismissed in July 1969 on the ground that the prior appeal was res judicata as to issues raised in the petition. No appeal was taken from that dismissal. Instead, Williams filed in the federal district court the pro se petition for a writ of habeas corpus that is the subject of this appeal. The petition raises numerous issues including ineffective assistance of counsel, use of perjured testimony, unlawful arrest, defective indictments and a sentence in excess of the statutory maximum. A motion for appointment of counsel was also made, but the motion was denied. Respondents filed a motion to dismiss and petitioner filed a memorandum in opposition. The district court then dismissed the petition, without a

* Senior District Judge Gus J. Solomon of the United States District Court of Oregon is sitting by designation.

1. Ill.Rev.Stat. ch. 38 § 122–1 et seq. (1973).

hearing, on the ground that Williams had not exhausted his state remedies since he did not appeal the dismissal of his Post-Conviction Act petition. The district judge issued a certificate of probable cause and this appeal followed.

## I

The district court erred in dismissing for failure to exhaust state remedies. 28 U.S.C. § 2254(b) does not require resort to a state remedy where there is "the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." Judicial interpretation has rendered the Illinois Post-Conviction Hearing Act an "ineffective" remedy for most of the issues raised on the record here and it need not be exhausted by this petitioner before he may initiate his habeas petition in the federal courts.

The statute itself appears to provide a broad remedy for Illinois prisoners who claim to have been denied constitutional rights.[2] The Illinois Supreme Court, however, has virtually eliminated the remedy for any prisoner who has taken a direct appeal of his conviction. A long line of cases has developed a strict res judicata and waiver doctrine:

> "We have consistently held that where a convicted person has appealed from the judgment of conviction, the judgment of the reviewing court makes *res judicata* all issues actually decided by that court and all issues which could have been presented to that court and which were not are considered to have been waived." People v. James, 46 Ill.2d 71, 263 N.E.2d 5 (1970).

Thus, in the absence of unusual circumstances, after a direct appeal has been taken "there ordinarily will be available no collateral remedy under Illinois Law" for any issue that "arises from facts wholly within the record." Illinois Institute for Continuing Legal Education,

Illinois Criminal Practice § 15.29, at 15–32 (1971). One district court has already determined that this res judicata doctrine renders the Illinois Post-Conviction Act an ineffective remedy for issues actually raised and decided on direct appeal. United States, ex rel. Gates v. Twomey, 325 F.Supp. 920 (N.D.Ill.E.D., 1971). The Sixth Circuit had held that exhaustion of one's rights under the Ohio post-conviction statute is not required because the Ohio Supreme Court has adopted a res judicata doctrine similar to that of the Illinois Supreme Court. Coley v. Alvis, 381 F.2d 870 (6th Cir. 1967).

Respondents argue that the Illinois Courts have developed an exception to the waiver rule in cases where "fundamental fairness" necessitates that it not be applied. It is urged that the petitioner should be required to appeal the dismissal of his petition so as to allow the appellate courts of Illinois an opportunity to rule on whether his case falls within the "fundamental fairness" exception. The exception is a narrow one. It was developed in People v. Hamby, 32 Ill.2d 291, 205 N.E.2d 456 (1965), a case in which a petitioner had repeatedly requested that his attorney raise certain issues on appeal, but the attorney failed to do so. Since then the "fundamental fairness" concept has been used in only a small number of cases. See United States, ex rel. Allum v. Twomey, 484 F.2d 740, 743 n. 7 (7th Cir. 1973). At this time there is no basis for assuming that the "fundamental fairness" doctrine is likely to be substantially broadened; thus it would be futile to require that every prisoner seeking a federal writ of habeas corpus must first allow the Illinois Courts an opportunity to determine whether the waiver doctrine should not be applied to their case because of unique circumstances. We refuse to contribute further needless and delaying requirements

---

2. "Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article. . . ." Ill. Rev.Stat. ch. 38 § 122–1 (1973).

to a procedure that already often results in shuttling prisoners back and forth between the state and federal courts before any decision on the merits is ever reached. A federal petition should be dismissed for failure to exhaust this state remedy only if there is direct precedent indicating that under the particular circumstances of a prisoner's case the waiver doctrine will be relaxed.[3] This rule is consistent with this court's opinion in United States ex rel. Millner v. Pate, 425 F.2d 249 (7th Cir. 1970), because in that case we found the circumstances of petitioner's case were substantially the same as those in *Hamby*.[4]

On the basis of the present record we find no reason to believe that an appellate court in Illinois would relax the waiver doctrine in regard to the claims raised by the petitioner to which the doctrine is applicable.[5]

■■■■ Respondents argue further that even if petitioner has exhausted his state remedies the petition was properly dismissed because his claims were waived for failing to raise them in the state courts and because the petition fails to allege a constitutional violation. A claim will not be deemed waived for purposes of federal habeas corpus relief

---

3. We do note the recent case of McClain v. People, 15 Ill.App.3d 929, 305 N.E.2d 423 (1973), in which it was held that under the Hamby "fundamental fairness" doctrine failure to raise the issue of incompetent counsel is not waived when both trial counsel and appellate counsel were assistants in the Public Defender's Office of Cook County. In the present case it does appear that Williams was represented in his state appeal by the public defender's office, though it is not clear if his state trial attorney was with that office. If it does later appear that his trial attorney was also with that office there might be a factual situation in which there is persuasive authority that the "fundamental fairness" doctrine would be applicable so that the claim of ineffective assistance of trial counsel would not be deemed waived. However, even if this is the situation, unless this specific claim was presented in the Post-Conviction Act petition there is still no available state remedy since any claim not raised in the original or an amended petition is waived. Ill.Rev.Stat. ch. 38 § 122–3 (1973).

4. Respondents argue that the petitioner should have appealed the dismissal of his petition because a claim of perjured testimony was considered in the Post-Conviction Act case of People v. Gendron, 41 Ill.2d 518, 244 N.E.2d 149 (1969). It is not clear whether a direct appeal had even been taken in *Gendron*. Still, it does appear that a claim of perjured testimony such as petitioner's would ordinarily be cognizable in an Illinois Post-Conviction Act petition even if a direct appeal has been taken, since proof of such an allegation will normally require presenting evidence that was not in the original record and thus the issue could not have been raised on direct appeal. On remand the district court should determine whether the perjured testimony issue was raised in the Post-Conviction petition and if it was

this issue should not be considered if the dismissal of that portion of the Post-Conviction petition can still be appealed to the Illinois Appellate Court.

The district court should also consider whether the claim of ineffective assistance of trial counsel is one that could have been raised on direct appeal and if it could not have been, then the determination relative to the Post-Conviction petition must be made. Two other issues raised in the federal petition, ineffective assistance of appellate counsel and the denial of leave to appeal by the Illinois Supreme Court, appear to be claims that could not have been raised on direct appeal. But as to these issues, there is the additional consideration of whether they could even be raised in a Post-Conviction petition since they concern appellate review and might not be a part of "the proceedings which resulted in his conviction." *See* People v. Ferree, 40 Ill.2d 483, 240 N.E.2d 673 (1968).

Finally, the district court should be cognizant of the provisions of section 122–3 discussed, *supra* at n. 3.

5. It is also contended that petitioner's uncontested claim that his aggravated battery sentence exceeds the statutory ten year limit should not be entertained in the federal courts because relief is available under the Illinois Habeas Corpus Act, Ill.Rev.Stat. ch. 65 § 22 (1959). It appears, however, that an excessive sentence cannot be challenged under this act unless the lawful maximum has been served. People ex rel. Weed v. Whipp, 352 Ill. 525, 186 N.E. 135 (1933). Petitioner has not yet served ten years. Moreover, it is not clear that this remedy would ever be available to petitioner because he is serving a longer concurrent sentence. At this time there is no basis for dismissing this claim for failure to exhaust state remedies.

in the absence of a deliberately tactical decision to forego such claim. Fay v. Noia, 373 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963). It does not appear that any such tactical maneuvers were involved in this case. Thus, respondents' reliance on United States ex rel. Allum, *supra*, is inappropriate. And though there may be some doubt as to whether each of petitioner's claims sufficiently alleges a constitutional deprivation, we are convinced that there is sufficient merit to this petition to warrant our remand to the district court for a hearing on those substantive issues for which all state court remedies have been exhausted.

## II

We wish to stress the point that our finding that for most of the issues raised all effective state court remedies have been exhausted certainly should not be viewed as an indication of our approval of the Illinois Supreme Court cases limiting the relief available under the Illinois Post-Conviction Act. The obvious result of the state rule is to confuse a prisoner seeking to assert his constitutional claims. Moreover, the rule places an unnecessary stress on federal-state relations. Without meaning to be gratuitous, we think that a state should not deprive itself of the opportunity to consider and vindicate constitutional claims in the first instance, rather than force them into the federal courts. Such an approach would, in our view, go a long way to relieve federal-state tensions in this area.

We are cognizant of the principle of comity embodied in the exhaustion of state remedies requirement. We think, however, that it is the current state rule that has led to a situation wherein federal courts will be ruling upon claims never presented to an Illinois court. As Judge Will has so aptly stated:

"The doctrine of comity will not be derogated by acknowledging the reali-

ty of petitioner's situation. It is the state court system that has told petitioner that he has exhausted his state remedies." United States ex rel. Gates *supra*, 325 F.Supp. at 927.

We would prefer that Illinois courts provide their state prisoners with all the relief available under federal habeas corpus so that the amount of friction between the two systems could be reduced. We would welcome an opportunity to declare the Illinois Post-Conviction Hearing Act a generally effective remedy.[6]

The present Illinois policy not only strains federal-state relations, but also is unfair to Illinois prisoners who claim violations of their constitutional rights. The State appears to provide all prisoners a remedy, but one who seeks this relief discovers that it is not available to those who have had a direct appeal on any issues. Respect for the Constitution and the integrity of the judicial system is not fostered by such a procedure. It would be even worse if those prisoners who realize the uselessness of this state remedy are told by a federal court that they must proceed with it nevertheless before their claims will be considered by the federal courts. We will not allow the federal courts to become a part of this merry-go-round procedure.

## III

Finally, we note that in the district court an attorney was not appointed for the petitioner though counsel was requested. On appeal this court did appoint counsel and we think that we were more ably equipped to deal with the issues as a result. We suggest that this would have been an appropriate case for appointment of counsel by the district court also. Although every pro se petition does not require the appointment of counsel, we believe that the appointment provisions of the Criminal Justice Act should be more readily used than they are at present. In the long run such appointments can often result in a

---

6. The Sixth Circuit has expressed a similar view about the comparable Ohio statute in

Allen v. Perini, 424 F.2d 134, 139 (6th Cir. 1970).

savings to the judicial system. The issues will normally be limited and more clearly presented to the district court. This could result in preventing an unnecessary hearing or appeal. More importantly, counsel can help ensure that a just decision is reached.

The order of dismissal is reversed, and the cause is remanded to the district court for proceedings consistent with this opinion.