THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OTTO DEAN *et al.*, Defendants-Appellants.

(No. 60544;

First District (5th Division)—April 25, 1975.

Robert B. Rosen, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendants appeal the denial of their second amended post-conviction petition without an evidentiary hearing.

After a jury trial, during which they were represented by privately retained counsel, defendants were found guilty of rape (Ill. Rev. Stat. 1963, ch. 38, par. 11—1) and each was sentenced to a term of 40 to 60 years. The public defender was appointed to represent them on appeal and, after this court affirmed their convictions and sentences (*People v. Dean*, 78 Ill.App.2d 2, 223 N.E.2d 175), the Illinois Supreme Court denied their petition for leave to appeal.

Thereafter, they filed a pro se post-conviction petition and then an amended petition, which was dismissed. On appeal therefrom, the parties agreed that there had been a failure to comply with the provisions of *People v. Slaughter*, 39 Ill.2d 278, 235 N.E.2d 566[1], and on stipulation this court reversed and remanded. Another attorney was then appointed to represent them, and a second amended post-conviction petition supported by two affidavits was filed, which was denied without an evidentiary hearing.

They now appeal that denial, arguing that they were entitled to a hearing based upon the allegations in the petition that their privately retained trial counsel was incompetent and that the jury was not properly

---

[1] *Slaughter* held that, on a petition for post-conviction review, counsel must be sufficiently familiar with the case to be able to adequately amend a pro se petition so that the court can understand the issues presented thereby.

instructed as to the presumption of innocence and the State's burden of proof.

The contention that their trial counsel was incompetent was supported by the affidavits of Joseph Keig, Jr., and Paul Byrne. The former, who was the son of petitioner's trial counsel, stated that his father was 80 years old on June 10, 1973, and that during the early and mid-1960's his father had shown signs of general deterioration and was found to be a diabetic and to have arteriosclerosis. He stated that in 1963 his father was hospitalized because of a deteriorating physical condition, and in September, 1966, his father retired and in 1967 had his name stricken from the role of Illinois attorneys. His father's condition continued to worsen, and he was placed in a nursing home.

Paul Byrne, not an attorney, stated in his affidavit that during the trial in January, 1965, he was the assistant to petitioner's trial counsel, Joseph Keig, Sr., and that during the trial Keig complained of bad eyesight— including almost complete blindness in one eye and impaired vision in the other. Byrne also stated that Keig had diabetes, bladder stones, was hard of hearing, and his handwriting had become difficult to read. He concluded that these physical impairments and handicaps prevented Keig from properly representing petitioners at trial.

■ ■  To be entitled to relief under the Post-Conviction Hearing Act, a claimant must assert the substantial denial of a constitutional right (*People v. Newberry*, 55 Ill.2d 74, 302 N.E.2d 34), and the burden is on defendants to clearly set forth in what respect their rights were violated and support the allegations with affidavits or other evidence establishing a violation of those rights. In the absence of such a showing, the petition may be dismissed without a hearing. (*People v. Pierce*, 48 Ill.2d 48, 268 N.E.2d 373.) Points that could have been raised on direct appeal, even though of constitutional dimension, may be waived for post-conviction purposes unless fundamental fairness requires otherwise. (*People v. Brown*, 52 Ill.2d 227, 287 N.E.2d 663.) The contentions which are the bases of their appeal here were not raised by defendants in their direct appeal. Thus, we are concerned with whether the fundamental fariness rule should preclude their waiver.

Defendants first raise the issue of the incompetency of their counsel, and they initially argue that he filed his appearance on the day of trial and thus was not properly prepared. We note, however, that he had represented two of the petitioners in a Federal court action arising out of the same facts and that he conducted an extensive cross-examination of the State's witnesses, following which he presented six witnesses on behalf of defendants. In view thereof, it appears to us that the record

indicates he was sufficiently familiar with the facts to proceed on the day of trial.

Defendants also rely, in their charge of incompetency, on certain alleged omissions of their trial counsel; namely, that no pretrial motions were filed; that he failed to ask for separate trials and his precipitous entry into the case precluded him from learning that a severance had been granted earlier by another judge; that in his argument to the jury he mentioned that petitioners had a second indictment pending against them; and that he failed to tender any jury instructions.

■■ It is well settled that a review of a retained counsel's competence does not extend to those areas involving the exercise of judgment, discretion, and trial tactics. (*People v. Somerville,* 42 Ill.2d 1, 245 N.E.2d 461.) From our consideration of the totality of the facts and circumstances here we believe that the trial omissions involve matters of judgment and trial tactics. The facts produced at trial are adequately set forth in this court's affirmance of defendants' direct appeal. (*People v. Dean,* 78 Ill.App.2d 223 N.E.2d 175.) As pointed out in that opinion, complainant's testimony was clear, convincing and was corroborated by independent evidence. Here, it is indicated that trial counsel was faced with a strong State's case of forcible rape and, from our reading of the testimony, it appears that he initially concluded his clients could best be defended by showing that the sexual relations with complainant were with her consent and without force. Counsel attempted to accomplish this end by locating and producing witnesses to impeach certain aspects of complainant's testimony, in the expectation that her testimony as to force would not be accepted. The fact that the jury refused this defense cannot of itself be indicative of incompetency. Defendants do not complain that this strategy was against their wishes nor is there any suggestion of any other method of defense that might have been more effective.

■■ We note also that there is no contention of inadequacy in counsel's selection of the jury nor is it asserted that his opening statement, his interrogation of witnesses, or his final argument to the jury were below professional standards. In addition, we have noted that he extensively cross-examined the State's witnesses and presented a defense consisting of the testimony of six witnesses. It appears well established that where defendant has retained private counsel who was later charged to have been incompetent, such allegation presents no constitutional question in a post-conviction proceeding unless the effectiveness of counsel was of such low caliber that it amounted to no representation at all and reduced the court proceedings to a farce or sham. (*People v. McNeil,* 53 Ill.2d 187, 290 N.E.2d 602.) The fact that, in looking back at the

record, another attorney in the better light of hindsight may possibly have handled the trial of the case in a different manner should not be accepted as an indication of the incompetency of trial counsel. See *People v. Washington*, 41 Ill.2d 16, 241 N.E.2d 425; *Scott v. United States* (6th Cir. 1964), 334 F.2d 72, *cert. denied*, 379 U.S. 842, 13 L.Ed.2d 48, 85 S.Ct. 81.

Nor do we believe that the affidavits give substantial support to the charge of incompetency. Both stated that trial counsel had certain physical ailments at the time of trial but only his assistant, Byrne, gave an opinion in his affidavit that the ailments prevented counsel from adequately physically representing his clients. Byrne also stated in his affidavit that these ailments did not visibly appear to affect counsel's mental acuity. It is apparent that the trial judge did not accept Byrne's conclusion, and we also cannot do so—not only because it comes from a layman but also, from our review of the record, it does not appear to be the fact. We believe that defendants failed to establish that the physical ailments mentioned, including his alleged hearing difficulty, prevented counsel from representing them in a reasonably professional manner. It is particularly significant that although the record discloses that trial counsel's son, who is an attorney and was present during the trial, or at least during the interrogation of some of the witnesses and during final arguments, makes no statement in his affidavit that the ailments of his father interfered with the proper representation of defendants.

■■■ Whether a defendant was adequately represented must be determined solely from the circumstances of each particular case. (*People v. Georgev*, 38 Ill.2d 165, 169, 230 N.E.2d 851.) Before a conclusion of inadequate representation can be reached here, we must ascertain whether defendant has clearly established actual incompetence of his counsel and substantial prejudice resulting therefrom, without which the outcome would probably have been different. (*People v. Dean*, 31 Ill. 2d 214, 218, 201 N.E.2d 405; *People v. Smith*, 7 Ill.App.3d 507, 288 N.E. 2d 19.) On the record here, we cannot say that defendant has satisfied this burden of proof.

Defendants also contend they were entitled to an evidentiary hearing on their allegation that the trial court failed to instruct the jury as to the presumption of innocence and the State's burden of proof. They refer us to *People v. Donald*, 21 Ill.App.3d 696, 315 N.E.2d 904, where the jury which convicted defendant of murder and armed robbery had not been given the presumption of innocence instruction (IPI Criminal No. 2.03). There, this court held that when IPI No. 2.03 was not tendered, it should have been given *sua sponte* by the trial court. We note, however, that

*Donald* involved a direct appeal; whereas, here we are concerned with a review of the denial of a post-conviction petition which envisions a new proceeding for the purpose of inquiring into the constitutional aspects of the original conviction which have not already been adjudicated. *People v. Derengowski*, 44 Ill.2d 476, 256 N.E.2d 455.

On their direct appeal, defendants were represented by a different attorney, and the failure to instruct the jury on the presumption of innocence and burden of proof was not raised, although it was clearly apparent in the trial record. In addition, we note that the trial occurred in January, 1965, long before the effective date of IPI No. 2.03 on January 1, 1969, and that the court in *Donald* relied strongly on the IPI committee comment that the instruction must be given in every case. Furthermore, in *Donald*, although in the opening statements and in closing arguments the jury was informed as to the presumption of innocence and the State's burden of proof, this court held that the impact thereof was nullified by instructions to the effect that comments during opening arguments were not evidence and that the law applicable was as stated in the instructions. No such instructions were given here. The jury was instructed that rape is committed when sexual intercourse occurs by force and against the will of the female. From the argument of counsel, it appears that the jury was told defendants admitted the sexual relations and was informed on a number of occasions that proof of defendants' guilt must be beyond a reasonable doubt and that, if they found the acts of defendants were not against plaintiff's will, they should find for defendants.

■■ In the light of the above, we find that defendants' failure to raise these contentions on direct appeal is a waiver thereof, and we do not believe that the facts require the application of the fundamental fairness rule.

· Furthermore, where a claim of substantial constitutional denial is based on assertions beyond the record, it is contemplated that evidence should be taken (*People v. Sigafus*, 39 Ill.2d 68, 233 N.E.2d 386) unless the necessary information is supplied in the attached documents. *People v. Ortiz*, 22 Ill.App.3d 788, 798, 317 N.E.2d 763.

■■ Here, all of the information needed to evaluate defendants' contentions were contained in the record and the supporting affidavits. Thus, it was not necessary for the trial judge to conduct an evidentiary hearing. (*Ortiz*.) We may not disturb its decision unless it was manifestly erroneous. *People v. Stanley*, 50 Ill.2d 320, 322, 278 N.E.2d 792; *People v. Stone*, 45 Ill.2d 100, 105, 256 N.E.2d 803.

In view of the foregoing and from our examination of the record, we

cannot say that the decision of the trial court was manifestly erroneous, and we affirm the judgment dismissing the second amended post-conviction petition without an evidentiary hearing.

Affirmed.

DRUCKER and LORENZ, JJ., concur.