UNITED STATES of America ex rel. Alonzo BONNER, Petitioner,

v.

WARDEN, STATEVILLE CORRECTIONAL CENTER, Respondent.

No. 76 C 1321.

United States District Court, N. D. Illinois, E. D.

Sept. 28, 1976.

On Motion to Reconsider Nov. 2, 1976.

**12**

Kenneth N. Flaxman, Chicago, Ill., for petitioner.

William J. Scott, Atty. Gen., Timothy B. Newitt, Asst. Atty. Gen., Chicago, Ill., for respondent.

MEMORANDUM DECISION

MARSHALL, District Judge.

Respondent moved to dismiss this petition for a writ of habeas corpus because petitioner failed to exhaust his state court remedies under 28 U.S.C. § 2254(b). For the following reasons, respondent's motion is granted.

Petitioner, Alonzo Bonner, was convicted of murder and his conviction was affirmed on appeal. *People v. Bonner,* 12 Ill.App.3d 245, 298 N.E.2d 221 (1st Dist. 1973) (abstract). Bonner was represented by an as-

sistant from the Public Defender's Office of Cook County at trial and by a different assistant from the same office on appeal. The Illinois Supreme Court denied his *pro se* petition for leave to appeal and his motion for appointment of counsel. Bonner then filed a petition here for a writ of habeas corpus, on the grounds that he was entitled to counsel in seeking discretionary review in the Illinois Supreme Court. We denied his petition based on *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). *United States ex rel. Bonner v. Cannon,* # 74 C 1117 (Dec. 16, 1974). In *Ross,* the Court held that an indigent has no constitutional right to counsel for a discretionary appeal from an intermediate state court to the highest state court. This petition followed. At no time has Bonner sought relief under the Illinois Post-Conviction Act, Ill.Rev.Stat. ch. 38, § 122–1 to § 122–7 (1975).

Petitioner's contention, which has never been raised in state court,[1] is that he did not receive effective assistance of counsel at trial. Petitioner complains of five acts or omissions which occurred during the trial proceedings: 1) the lawyer's failure to try to suppress his oral statement made after his "facially unlawful" arrest;[2] 2) his failure to try to suppress certain identification testimony; 3) his inadequate representation on a hearing to suppress defendant's statements; 4) his unwise waiver of a jury trial; and 5) his conflict of interest arising from the public defender's court assignment system. Respondent argues that the post-conviction act gives petitioner a meaningful remedy in state court which he must exhaust before seeking relief here. Alternatively, respondent asserts that these allegations do not state a claim for relief.

The exhaustion requirement is limited to state court relief which is currently available. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *cf. United States ex rel. Thomas v. Brierton,* 408 F.Supp. 14, 17–19 (N.D.Ill.1976). A post-conviction petition may be filed up to 20 years after final judgment, so this remedy is not time barred. Ill.Rev.Stat., ch. 38, § 122–1 (1975). Illinois courts, however, have narrowed the scope of post-conviction relief to such an extent that it is rarely meaningful. Post-conviction relief is available in Illinois only for constitutional claims which could not have been raised on direct appeal. *Res judicata* bars issues actually appealed and the waiver doctrine bars those which might have been raised. *People v. James,* 46 Ill.2d 71, 263 N.E.2d 5 (1970). Due to this confined interpretation, the court in *United States ex rel. Williams v. Brantley,* 502 F.2d 1383 (7th Cir. 1974) held that a federal court should dismiss a petition for a writ of habeas corpus only if there is direct precedent that an Illinois court would find an exception to the waiver doctrine.

Respondent contends that *McClain v. People,* 15 Ill.App.3d 929, 305 N.E.2d 423 (1st Dist. 1973), which carves out an exception to the waiver rule, is on all fours with this case. In *McClain,* defendant was represented on trial and appeal by assistants in the Public Defender's office of Cook County. He filed a post-conviction petition with the assistance of private counsel, alleging that his representation at trial was grossly inadequate. The petition was denied. Relying on *People v. Hamby,* 32 Ill.2d 291, 205 N.E.2d 456 (1965), the appellate court reversed and held that fundamental fairness required relaxation of the waiver rule.

1. Bonner's *pro se* petition before the Illinois Supreme Court alleged a denial of a "constitutionally provision of appeal rights as proscribed (sic) within the 5th, 6th, 8th and 14th amendments to the federal constitution . . ." He never alleged, however, specific facts fleshing out these constitutional claims. Both the Sixth Amendment and the due process clause of the Fourteenth Amendment relate to assistance of counsel. But Bonner's laundry list can hardly be considered a presentation of his current complaint to a state court.

2. Bonner inconsistently alleges that the trial lawyer did move to suppress any oral statements, on the grounds that the statements were coerced or that *Miranda* warnings were not given. Petition, ¶ 26. Apparently, his first complaint is not that the lawyer failed to move for suppression but that he failed to assert the proper reason for suppression.

The court gave three reasons for bypassing the waiver rule. First, the court noted that an inherent conflict of interest exists when an assistant public defender, representing an appellant, confronts his own colleague's incompetence at trial. Second, the court suggested that a defendant might hesitate to press errors made by his trial lawyer for fear of alienating his appellate counsel. Finally, the court was impressed by the merits of the petitioner's claims and found support for them in the record. 305 N.E.2d at 426.

The *McClain* decision is direct precedent that Bonner has a significant remedy under the post-conviction act. Like McClain, Bonner was represented by two assistants from one public defender's office. The same constraints prevented him from raising his claim of incompetent counsel on appeal. Although the *McClain* court evaluated the substantive contentions that McClain's trial lawyer was incompetent, we do not believe that the "direct precedent" test requires us to weigh the merits of Bonner's allegations. The exhaustion issue turns on whether a state court would entertain a petition for post-conviction relief, not whether the court would grant it. *Cf. United States ex rel. Millner v. Pate,* 425 F.2d 249 (7th Cir. 1970). In addition, there are certain differences between pleading rules in federal habeas petitions and state post-conviction petitions which make it impossible and inappropriate to weigh the merits of Bonner's contentions at the pleading stage. A petition for habeas corpus in federal court, whether filed before or after the proposed new *Rules Governing Section 2254 Cases* become effective,[3] should allege facts supporting the grounds for relief. It need not contain evidentiary material. 28 U.S.C. § 2242; see proposed *Rules Governing Section 2254 Cases,* Rule 2(c). A state petition for post-conviction relief, on the other hand, "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." Ill.Rev.Stat. ch.

38, § 122–2. Thus, a state court may easily determine from the face of the petition and its exhibits whether the petitioner's contentions are supported by the record. The notions of comity underlying the exhaustion requirement would not be served were we to require Bonner to submit his evidence, and then attempt to consider it according to state law, all under the guise of deciding whether Bonner has exhausted his state court remedies.

Respondent's motion to dismiss is granted without prejudice to petitioner's right to bring a new proceeding here after he has exhausted his state court remedies.

The petition is dismissed.

## ON MOTION TO RECONSIDER

Petitioner, Alonzo Bonner, moved to reconsider our dismissal of his petition for a writ of habeas corpus. His petition was dismissed because he failed to exhaust state court remedies by specifically petitioning for post-conviction relief. 28 U.S.C. § 2254(b). Bonner's current contention is that exhaustion would be futile because an Illinois court would reject his principal contention that his trial counsel used bad judgment and poor tactics. He relies upon a number of Illinois state court decisions rejecting claims of trial lawyer incompetence. *See, e.g., People v. Bucciferro,* 37 Ill.App.3d 211, 345 N.E.2d 738 (1st Dist. 1976); *People v. Meeks,* 27 Ill.App.3d 144, 326 N.E.2d 413 (1st Dist. 1975).

28 U.S.C. § 2254(b) provides:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available . . . or that there is . . . the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

Some courts hold that such circumstances exist when the state court has recently decided the question of substantive law

---

**3.** The effective date of the proposed Rules has been postponed (P.L. 94–317) and they are now proceeding through the Congress. H.R. 15219; H.Rpt. 94–1471.

against the petitioner's position. If there is no reason to believe that the state court will depart from its holding, relitigation of the same issue would be futile. *United States ex rel. Sero v. Preiser*, 506 F.2d 1115 (2d Cir. 1974); *United States ex rel. Condon v. Erickson*, 459 F.2d 663 (8th Cir. 1972); *cf. Cage v. Auger*, 514 F.2d 1231, 1232–33 (8th Cir. 1975). Each time the court excused exhaustion, however, the unfavorable state court holding rested on a clear conclusion of law and not one of fact. In *United States ex rel. Sero v. Preiser, supra,* for example, petitioners challenged the constitutionality of a statute that the New York Court of Appeals had recently upheld.

■ Because Bonner's claim raises factual issues, it is not appropriate to allow him to proceed here without first presenting his arguments to a state court. Illinois courts consistently treat claims of trial counsel incompetency on the facts and circumstances of each case. *People v. Newell*, 48 Ill.2d 382, 268 N.E.2d 17 (1971); *People v. Bliss*, 44 Ill.2d 363, 255 N.E.2d 405 (1970); *People v. Dean*, 28 Ill.App.3d 196, 328 N.E.2d 130 (1st Dist. 1975). Although Illinois courts have stated that poor trial tactics will not be the basis of post-conviction relief, they consider each case in light of the record as whole and frequently analyze the various claims of inadequate representation in search of a reasonable explanation for the trial lawyer's acts or omissions. *People v. Meeks, supra.* Because the Illinois courts have adopted this case-by-case approach, we cannot, absent a detailed analysis of the entire trial court record, hold that state court decisions would make exhaustion of state court remedies an exercise in futility.

The motion for reconsideration is denied.