**UNITED STATES of America ex rel. De Louis SIBLEY, Petitioner,**

**v.**

**Thaddeus E. PINKNEY, Respondent.**

**No. 77 C 1890.**

United States District Court, N. D. Illinois, E. D.

Aug. 16, 1977.

**704**

De Louis Sibley, pro se.

Melbourne A. Noel, Jr., Chicago, Ill., for respondent.

## DECISION

McMILLEN, District Judge.

In this *pro se* petition for a writ of *habeas corpus*, petitioner contends that his Sixth Amendment right to a speedy trial was violated. Specifically, he alleges that shortly before the expiration of the 120-day period within which a defendant in custody must be tried under *Ill.Rev.Stat.* (1975) Ch. 38, § 103–5, he was released on his own recognizance over his objection and not tried until after the 120-day period had elapsed.

Petitioner's argument was rejected on direct appeal. *People v. Sibley*, 41 Ill.App.3d 616, 354 N.E.2d 442 (1st Dist. 1976). The Illinois Supreme Court denied leave to appeal on February 23, 1977. Petitioner has therefore exhausted his available State remedies. *United States ex rel. Williams v. Brantley*, 502 F.2d 1383 (7th Cir. 1974).

 At the outset, we note that our *habeas corpus* jurisdiction does not allow us to entertain questions concerning the application of Illinois statutory law. *Israel v. Odom*, 521 F.2d 1370 (7th Cir. 1975); *United States ex rel. Little v. Twomey*, 477 F.2d 767 (7th Cir. 1973), cert. den. 414 U.S. 846, 94 S.Ct. 112, 38 L.Ed.2d 94 (1973). Therefore, to the extent that petitioner invites us to construe the Illinois Speedy Trial Act, we must decline.

 Nonetheless, he also has a Federal constitutional right to a speedy trial, the parameters of which were set out in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Essentially, *Barker* requires us to examine four factors in determining whether this right has been infringed: 1) the length of delay; 2) the reason for the delay; 3) whether the defendant asserted his right to a speedy trial; and 4) the extent of prejudice to the defendant from the delay. On the basis of these factors, we find and conclude that petitioner was not denied his Constitutional right to a speedy trial in the present case and therefore that his petition should be dismissed.

 The transcript of proceedings and common law record, filed as respondent's Exhibits E and F, reveal that petitioner was arrested on January 5, 1974 and trial commenced on November 18, 1974—a delay of ten and one-half months. The reason for the delay stems in part from the defendant's failure to answer ready for trial until June 17, 1974 and from the State's inability to locate its key witness, (see transcript, filed as Ex. F). Neither of these reasons amounts to the kind of "deliberate attempt to delay the trial in order to hamper the defense" which was condemned in *Barker, supra* at 531, 92 S.Ct. 2182.

 Most importantly, petitioner has failed to allege or demonstrate any actual prejudice resulting from the delay. We find this lack of prejudice to be critical. *United States ex rel. Placek v. State of Illinois*, 546 F.2d 1298 (7th Cir. 1976). When defendant asserted his right to a speedy trial on October 11, 1974, he was tried five weeks later.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the petition for a writ of *habeas corpus* is hereby denied.