**UNITED STATES of America, ex rel. Tyrone D. Wilson, Petitioner,**

v.

**Richard DeROBERTIS, Respondent.**

No. 80 C 6729.

United States District Court,
N. D. Illinois, E. D.

March 3, 1981.

---

Tyrone D. Wilson, pro se.

Tyrone C. Fahner, Atty. Gen., State of Ill., Chicago, Ill., for respondent.

## ORDER

BUA, District Judge.

Petitioner, Tyrone D. Wilson, brings this *pro se* petition for a writ of habeas corpus to challenge the constitutional adequacy of a prison disciplinary hearing in which he was found guilty of stabbing a fellow inmate. Respondent has answered the petition and filed relevant portions of the administrative record of the contested hearing. Respondent concedes that petitioner has no available state court remedies for his claim. As there are no material issues of fact, the petition is ready for summary disposition. *See* Rule 8(a), Rules Governing Section 2254 Cases.

On October 5, 1980, petitioner, an inmate at the Stateville Correctional Center, was cited for assaulting another inmate and three other violations of prison rules. According to the charges prepared by the reporting officer, the victim of the assault had identified petitioner from a photographic array and a correctional officer had observed petitioner running from the victim's cell. Petitioner was served with a copy of the report on the same day of the incident. The hearing on the charges was conducted by the Stateville Adjustment Committee on October 7, 1980. Petitioner, who denied any knowledge of the stabbing incident, was found guilty of the assault charge. His punishment was confinement to segregation for one year, demotion to "C" grade for one year, and loss of one year of good time.

Petitioner alleges that the hearing violated his rights under the Fourteenth Amendment. Specifically, he alleges that the Adjustment Committee denied his requests for an investigation and a polygraph test; that he was not afforded representation; that he was not allowed to call witnesses; that he was not given written reasons for the Adjustment Committee's decision; and that there was no evidence to support the Adjustment Committee's decision.

In *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court delineated the minimum requirements of due process that must be adhered to in the context of a prison disciplinary hearing. Under *Wolff,* a prisoner is entitled to advance written notice of the charges against him; the right to appear in person before an impartial hearing body; permission to call witnesses and to present documentary evidence when to do so will not unduly jeopardize institutional safety or correctional goals; and a written statement of reasons for the disciplinary action taken. Having reviewed the record in light of the

standards set forth in *Wolff*, the court concludes that petitioner's hearing comported with due process.

■ Petitioner's contention that he was entitled to an investigation into the charges against him and an opportunity to exonerate himself in a polygraph examination is clearly without merit. Nothing in *Wolff* absolutely requires prison officials to investigate disciplinary charges prior to a hearing or to administer costly polygraph examinations to those charged with disciplinary violations. While such procedures may at times be necessary to ensure fundamental fairness, the court does not find any constitutional error in the Adjustment Committee's decision to deny petitioner's requests under the circumstances present here.[1]

■ The denial of petitioner's request for representation was also proper. A prisoner is entitled to representation by counsel or counsel-substitute in a prison disciplinary hearing only if he is incapable of comprehending the nature of the proceedings against him. *Wolff, supra* at 570, 94 S.Ct. at 2981; *see also Baxter v. Palmigiano*, 425 U.S. 308, 314–15, 96 S.Ct. 1551, 1556, 47 L.Ed.2d 810 (1976). There is no showing here that petitioner was in need of assistance.

■ Petitioner next contends that the Adjustment Committee denied his request to call witnesses on his behalf. Nowhere does petitioner identify the witnesses that he wished to have testify or otherwise elucidate his claim.[2] The summary of the proceedings before the Adjustment Committee clearly indicates that no witnesses were requested. The record, therefore, does not support petitioner's conclusory allegation that his request for witnesses was denied.

The record also contradicts petitioner's claim that he was not given a written statement of the reasons for his placement in segregation. A written summary of the disciplinary hearing was sent to petitioner on October 10, 1980. Respondent's Exhibit B and Petitioner's Exhibit B. The summary set forth the reasons for the Adjustment Committee's decision.

■ Petitioner's final contention is that the Adjustment Committee did not have sufficient evidence to find him guilty of assault. Although *Wolff* requires that prison disciplinary hearings afford inmates the fundamental procedural components of due process, the scope of federal judicial review of a disciplinary committee's substantive findings is narrow. A federal court will not set aside a disciplinary committee's decision unless it is so without factual support as to be arbitrary and capricious. *Aikens v. Lash*, 514 F.2d 55, 60–61 (7th Cir. 1975), *aff'd on remand*, 547 F.2d 372 (7th Cir. 1976); *Covington v. Sielaff*, 430 F.Supp. 562, 564–565 (N.D.Ill.1977).

■ The stated grounds for the disciplinary action against petitioner were an officer's reported statement that he saw petitioner running from the victim's cell and petitioner's inability to refute the facts set out in the violation report. These reasons are sufficient to preclude any finding by this court that the Adjustment Committee's decision was arbitrary and capricious.[3] *See*

---

1. The record indicates that a complete investigation into the stabbing incident was initiated after the disciplinary hearing. The results of the investigation corroborated the findings of the Adjustment Committee.

2. Petitioner has also brought a civil rights action seeking damages for alleged constitutional violations in his disciplinary hearing. *Wilson v. DeRobertis*, 81 C 356 (N.D.Ill. docketed Jan. 23, 1981). Although the civil rights complaint does not allege that petitioner was denied the right to call witnesses, it does allege that he was not permitted to confront his accuser. The right to confrontation, however, is not constitutionally mandated in a prison disciplinary hear-

ing. *Wolff, supra* at 567–68, 94 S.Ct. at 2980; *Baxter, supra* at 320–22, 96 S.Ct. at 1559–60.

3. To bolster his claim of innocence, petitioner has submitted a sworn affidavit of the victim recanting his prior identification of petitioner as his attacker. Because the Adjustment Committee's decision was based on grounds other than the victim's identification of petitioner, the court finds the affidavit of no material importance. Moreover, the credibility of the affidavit is questionable in light of the results of the investigation of the stabbing incident completed after the hearing.

*Covington, supra* at 565.   Accordingly, petitioner's request for appointment of counsel is denied; the petition for a writ of habeas corpus is denied; and this action is hereby dismissed.