UNITED STATES of America ex rel. Peter STEVENS, Petitioner-Appellant,

v.

Joseph E. RAGEN, Warden, Illinois State Penitentiary, Joliet, Illinois, Respondent-Appellee.

No. 11853.

United States Court of Appeals Seventh Circuit.

May 13, 1957.

------◆------

Frank J. Gagen, Jr., Chicago, Ill., for appellant.

Latham Castle, Atty. Gen., William C. Wines, Asst. Atty. Gen., Chicago, Ill., Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., of counsel, for appellee.

Before MAJOR, LINDLEY, and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

In this appeal we are asked to review the action of the district court in dismissing Peter Stevens' petition for a writ of habeas corpus and its refusal to reconsider that action.

The undisputed facts are set forth below.

On February 24, 1934, in the Criminal Court of Cook County, Illinois, Stevens, Roger Touhy and others were convicted upon a charge of kidnapping for ransom. Each of the defendants was sentenced to a term of 99 years in the penitentiary.

On June 14, 1935, on a writ of error sued out by Stevens and others, the Illinois Supreme Court affirmed the judgment of the Criminal Court. People v. Touhy, 361 Ill. 332, 197 N.E. 849.

On February 21, 1956, the Circuit Court of Will County, Illinois, dismissed Stevens' petition for habeas corpus based upon his incarceration in the Illinois penitentiary pursuant to his sentence aforesaid.

On June 4, 1956, the United States Supreme Court denied a writ of certiorari to review said action of the Circuit Court of Will County, Illinois. People of State of Illinois ex rel. Stevens v. Ragen, 351 U.S. 968, 76 S.Ct. 1033, 100 L.Ed. 1487.

On August 4, 1949, the present Post-Conviction Hearing Act of Illinois became effective, S.H.A. ch. 38, § 826 et seq.

On August 4, 1952, the three-year period in which Stevens' conviction might be reviewed under the said act expired, "unless [he] alleges facts showing that the delay was not due to his culpable negligence," as provided in section one of said act.[1]

On June 25, 1956, Stevens filed a petition for a writ of habeas corpus in the district court. On July 2, 1956, that court dismissed the petition and, on July 23, 1956, denied a rehearing.

Stevens' petition for a writ of habeas corpus charges that, in violation of his rights under the fourteenth amendment to the federal constitution, he was denied a fair trial with the effective aid and assistance of counsel, that his conviction rests upon the knowing presentation of perjured testimony by the prosecutors of Cook county, who conspired to prevent defendant's witnesses from testifying, that his conviction for kidnapping was the result of a hoax de facto and that the crime of kidnapping charged never occurred.

In his petition for a writ of habeas corpus he contends that, despite the fact that he did not avail himself of the remedy afforded by the Illinois Post-Conviction Hearing Act, he is not precluded in this proceeding for the reason that he, in fact, did not learn of the many violations of his rights until a decision was handed down by Judge John P. Barnes on August 9, 1954, in the district court, in his co-defendant Roger Touhy's case. Judge Barnes ordered that Touhy

1. § 826, Ch. 38, Illinois Revised Statutes 1955.

**422**

be discharged from the penitentiary, which order we reversed on July 20, 1955. United States ex rel. Touhy v. Ragen, 7 Cir., 224 F.2d 611.

■ 1. Stevens contends that the basic question here "narrows itself to whether the allegations" of his petition, "taken as true * * *, render the circumstances complained of to the state remedial process [sic] ineffective to protect his rights." He further contends that, under the decisions of the Supreme Court of Illinois (including People v. Dale, 406 Ill. 238, 92 N.E.2d 761, and People v. Jennings, 411 Ill. 21, 102 N.E. 2d 824), the Post-Conviction Hearing Act "cannot be employed to obtain another hearing upon the claims of denial of constitutional due process to which full and final hearings had already been entertained by means of prior Illinois remedy." His position seems to be that the affirmance of his conviction (People v. Touhy, 361 Ill. 332, 197 N.E. 849) involved a consideration by the Illinois Supreme Court of the constitutional questions which, he says, he could not thereafter raise in a post-conviction hearing and that he therefore has no remedy available in the Illinois courts, which justifies his filing the petition in the federal district court. He relies on that part of 28 U.S.C. § 2254 which we have italicized in the following quotation:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted *unless it appears* that the applicant has exhausted the remedies available in the courts of the State, or *that there is* either an absence of available State corrective process or *the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.* An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

We find nothing in the opinion in People v. Touhy, supra, indicating that any constitutional questions were raised or considered in that case. In any event, whether or not they were raised or considered so as to bar a post-conviction hearing on those questions is a matter for the Illinois courts to determine. Pending that determination we cannot say that the door is closed to relief under the Post-Conviction Hearing Act of Illinois. It is significant that in People v. Jennings, 411 Ill. 21, at page 25, 102 N.E.2d 824, 826, the court held:

"* * * But it is clear that *res judicata* cannot be mechanically applied to foreclose an inquiry which probes beneath the mere fact of adjudication to determine whether or not, in the process of adjudication, there has been any infringement of the constitutional rights of the petitioner. Such an inquiry must be made even though it involves a collateral attack upon a judgment which the court had jurisdiction and authority to enter. Of course, as held in People v. Dale, 406 Ill. 238, 92 N.E.2d 761, constitutional issues which have been determined on the merits by this court are not available upon a post-conviction hearing."

Absent the aforesaid determination by the Illinois courts, there is no showing of circumstances which would render a post-conviction proceeding ineffective to protect Stevens' rights.

■ 2. Stevens in this case does not contend that the lapse of three years after the Post-Conviction Hearing Act took effect has barred his right to file a petition in the Illinois courts under that act. However, respondent argues that the district court properly denied Stevens relief because he had neither made nor excused his failure to make timely application for relief under that act, citing United States ex rel. Lilyroth v. Ragen, 7 Cir., 222 F.2d 654, and United States ex rel. Roger Touhy v. Ragen, supra. It is apparent to us that under the Illinois act mere lapse of time will not bar the filing of a petition for a

post-conviction hearing, if the petitioner is able to show that his delay was not due to his culpable negligence. The determination of freedom from culpable negligence[3] is a question for the state courts to decide. Before he resorts to the federal courts for relief, Stevens must exhaust his remedy under the state's Post-Conviction Hearing Act, inasmuch as we already have held herein that circumstances do not exist rendering such process ineffective to protect his rights.

For the foregoing reasons the orders of the district court are affirmed.

This court appointed Frank J. Gagen, Jr., to represent Stevens in this court. For the service which he has rendered we express our appreciation to Mr. Gagen.

Affirmed.

2. The last part of Section 1 of the Post-Conviction Hearing Act, § 826 supra, reads:

"* * * No proceeding under this Act shall be commenced more than five years after rendition of final judgment, or more than three years after the effective date of this act, whichever is later, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence."