THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MERLIN WARD LEADLEY, Defendant-Appellant.

(No. 74-142; )

Third District—March 31, 1975.

James Geis and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Robert H. Rennick, State's Attorney, of Toulon (Bernard Rivkin and F. Stewart Merdian, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from the order of the circuit court of Stark County denying petitioner's pro se petition for post-conviction relief without a hearing on the merits.

On November 18, 1958, petitioner, Merlin Ward Leadley, pleaded guilty to one count of murder and was sentenced to 99 years in the penitentiary. On August 7, 1962, petitioner filed a pro se petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1957, ch. 38, par. 826) and although the record as originally filed did not so indicate, counsel was appointed to represent petitioner in that proceeding. The State moved to dismiss and on October 3, 1962, with counsel for both parties present a hearing was held on the State's motion and the motion was allowed.

On January 21, 1974, petitioner filed another pro se post-conviction petition therein stating his indigency and requesting appointment of

counsel. On March 20, 1974, the court denied petitioner's petition, and it is from this ruling he appeals. Petitioner contends counsel must be appointed to represent an inmate who files a pro se post-conviction petition even if the petition is filed after the expiration of the statutory time for filing such petition. Petitioner concedes his petition was not filed within the statutory time of 5 years from the rendition of final judgment. His argument relates to the fact that the statute involved here provides the 5-year rule does not apply where the delay in filing was not due to petitioner's culpable negligence (Ill. Rev. Stat. 1957, ch. 38, par. 826). He argues an attorney must be appointed to explore the possibility of conditions that might prevent the running of the statute.

Petitioner relies on *People v. Reed*, 42 Ill.2d 169, 246 N.E.2d 238, and *People v. Lansing*, 35 Ill.2d 247, 220 N.E.2d 218, to point out that the statutory bar was applied only after appointed counsel was unable to amend the pro se petition to show the delay was not due to petitioner's culpable negligence. These cases are not applicable to the case at bar. Both cited cases involve an original petition for post-conviction relief and accordingly are not directly applicable to a situation such as the one at bar concerning a second post-conviction petition filed after the denial of a prior petition.

■■ *People v. Richeson*, 50 Ill.2d 46, 277 N.E.2d 134, illustrates the doctrine of res judicata as applied to a prior post-conviction petition proceeding even though the case is not completely analogous in that in *Richeson* there was a direct appeal from the judgment of conviction. In the instant case there was no direct appeal; however, this does not detract from the reasoning of the case. Once a petitioner has been given an opportunity to present claims of constitutional error, this decision is res judicata and cannot be relitigated. We make no holding as to the propriety of the 1962 dismissal of petitioner's petition, but it should be noted petitioner did not seek an appeal from this ruling. He cannot now appeal under the guise of a new post-conviction petition.

■■ Even without the doctrine of res judicata, the fact that petitioner filed an earlier post-conviction petition within the limitation period of the statute affirmatively demonstrates his inability to show that delay in filing his post-conviction petition was not due to his culpable negligence.

For the foregoing reasons the order of the circuit court of Stark County denying petitioner's petition for post-conviction relief is affirmed.

Order affirmed.

ALLOY and BARRY, JJ., concur.