**Sanford Norman HARRIS, Petitioner–Appellant,**

v.

**Richard DeROBERTIS, Warden, and Roland Burris, Attorney General, Respondents–Appellees.**

No. 89–1818.

United States Court of Appeals, Seventh Circuit.

Argued March 6, 1990.

Decided May 9, 1991.

---

William H. Theis, Chicago, Ill., for petitioner-appellant.

Arleen C. Anderson, Michael Weinstein, Asst. Attys. Gen., Neil F. Hartigan, Atty. Gen., Chicago, Ill., for respondents-appellees.

Before WOOD, Jr., and KANNE, Circuit Judges, and PELL, Senior Circuit Judge.

KANNE, Circuit Judge.

This case has a lengthy and complicated procedural history, but the narrow issue on appeal is whether the district court correctly found that Harris still has an unexhausted right to post-conviction relief in the Illinois state courts. Harris was convicted of armed robbery and aggravated kidnapping on October 27, 1966. He did not perfect a direct appeal, apparently because the notice of appeal was never properly filed. He did file a post-conviction petition, although the date at which that petition was filed and decided is a matter of controversy. In addition, Harris filed two state habeas petitions, one with the 17th Judicial Circuit Court and one with the Illinois Supreme Court. All three petitions, however, appear to have been summarily dismissed. In November of 1983, Harris filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Illinois. Since that time, his petition has been transferred from Judge Moran to Judge Duff and finally to Judge Marovich, whose order is before this court now. In October of 1986, in response to the state's arguments of failure to exhaust state remedies, he filed a second post-conviction petition in the Illinois state court.

## I

The state argued that Harris had waived the claims in his habeas petition because he failed to raise them in state court. However, Harris maintained that the claims were not waived because the cause and prejudice standard could be met. Specifically, Harris argued that the claims were not asserted in state court because of ineffective assistance of appellate counsel. However, in *Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986), the Supreme Court held that the claim of ineffective assistance of appellate counsel, when used to show cause for procedural default, must itself be exhausted in state court. Therefore, the issue in this case was whether Harris still had an available state remedy for his claim of ineffective assistance of appellate counsel.

The district court found that Harris' initial petition for post-conviction relief was decided before the resolution of his direct appeal, and therefore would not preclude a second petition based upon ineffective assistance of appellate counsel. The court also found that res judicata would not preclude the second petition for the additional reason that the same attorney represented Harris both on direct appeal and in the first

petition for post-conviction relief. In addition, the court held that a second petition for post-conviction relief would not be barred by the limitations period. Chapter 38, section 122–1 of the Illinois Revised Statutes, which addresses post-conviction petitions, provides in relevant part that "[n]o proceeding under this Article shall be commenced more than 10 years after rendition of final judgment, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence."[1] Harris' petition was filed approximately twenty years after his conviction, and therefore falls outside the limitations period. The court, however, held that Harris could bypass that statutory limit by demonstrating a lack of culpable negligence. As a result, the court dismissed the petition for a writ of habeas corpus without prejudice to refiling the petition after a state court ruling on the post-conviction petition.

On appeal, Harris raises two challenges to that determination. First, he argues that the culpable negligence exception to the limitations period has been interpreted so strictly as to render it meaningless, and that even if applicable it could not be met in this case. Specifically, he points out that no Illinois court of review has ever found a lack of culpable negligence that would avoid the limitations period. Therefore, he contends that the culpable negligence exception, like the fundamental fairness issue in the res judicata context, is essentially meaningless. In addition, he argues that caselaw in Illinois indicates that he could not succeed in demonstrating a lack of culpable negligence. Second, Harris asserts that his previous post-conviction petition and habeas petition to the state court bar any future claims, and therefore he has exhausted his state remedies.

## II

Section 2254 provides that a petitioner must exhaust available state court remedies before pursuing a writ of habeas cor-

pus in federal court. 28 U.S.C. § 2254(b). The statute provides an exception, however, if "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). In *Williams v. Brantley*, 502 F.2d 1383 (7th Cir.1974), we held that the Illinois Post-Conviction Act provided an ineffective remedy for persons who had directly appealed their convictions because of the state courts' strict application of res judicata and waiver rules. The Illinois courts had developed an exception to the strict application in cases where fundamental fairness required a different result, but we held that the exception was so narrowly construed that it would be futile to require every prisoner to pursue it. 502 F.2d at 1385. Instead, we determined that a petition would not be dismissed for failure to exhaust state remedies absent "direct precedent indicating that under the particular circumstances of a prisoner's case the waiver doctrine will be relaxed." 502 F.2d at 1386. *See also Gray v. Greer*, 707 F.2d 965 (7th Cir.1983).

With that holding, we effectively overruled an earlier declaration in *Stevens v. Ragen*, 244 F.2d 420 (7th Cir.1957) that the Illinois courts must decide whether the waiver doctrine barred post-conviction relief before the exhaustion requirement was met. 244 F.2d at 422. *Stevens* also held that the Illinois courts must be given the opportunity to determine whether the prisoner was free from culpable negligence so as to avoid the limitations period. 244 F.2d at 422–23. This case invites us to reconsider that holding in light of the subsequent caselaw in Illinois, just as we reconsidered the res judicata and waiver aspect in *Williams*.

Since 1949, the Illinois Post-Conviction Act has included a time limitation for filing petitions which could be avoided upon a

---

**1.** At the time of Harris' conviction, the statute of limitations for a post-conviction petition was twenty years. That limitations period was shortened to ten years with an amendment to the statute effective January 1, 1984. The Illi-

nois Supreme Court held that the change applied retroactively to convictions which occurred prior to its enactment. *People v. Bates*, 124 Ill.2d 81, 84, 124 Ill.Dec. 407, 529 N.E.2d 227 (1988).

showing of a lack of culpable negligence. That time period has fluctuated from five years, to twenty years, and to the current limitation of ten years, but the "culpable negligence exception" has remained constant. However, during the more than forty years since the provision was included, the Illinois courts have failed to produce even a single published opinion in which the court found a lack of culpable negligence. Instead, the opinions which have been issued indicate that the exception is narrowly construed to exclude a wide range of circumstances. For instance, the Illinois Supreme Court has held that the following allegations were insufficient to demonstrate a lack of culpable negligence: (1) documented evidence of mental illness, *People v. Montgomery*, 45 Ill.2d 94, 95–96, 256 N.E.2d 802 (1970) (the court held that the psychiatric reports indicated a condition of mental disturbance but it did not appear that defendant was "incapable of exercising reasonable diligence in his pursuit of relief"); (2) petitioner only completed six grades of school, was unaware of the law regarding post-conviction proceedings, was incarcerated for the five year limitations period and could not afford an attorney, and an attorney was not appointed until after the limitations period had run, *People v. Diefenbaugh*, 40 Ill.2d 73, 74, 237 N.E.2d 512 (1968); (3) trial court failed to respond to petitioner's documented repeated requests for transcripts, *Diefenbaugh*, 40 Ill.2d at 75, 237 N.E.2d 512 (the court held that even assuming diligence in trying to obtain the transcripts, petitioner had not shown a lack of culpable negligence because he could have asserted in his petition that he was unable to pay costs and could have proceeded as a poor person); and (4) petitioner did not finish the sixth grade in school and was not familiar with the law, *People v. Lansing*, 35 Ill.2d 247, 248, 220 N.E.2d 218 (1966).

The Illinois Appellate Courts have also issued some published opinions dealing with this issue, and they have held that the following allegations were insufficient: (1) the delay was justified because the conviction was now being used to enhance a sentence imposed in a subsequent conviction, *People v. Villanueva*, 174 Ill.App.3d 791, 124 Ill.Dec. 370, 529 N.E.2d 87 (4th Dist.1988) (the first conviction had resulted in only 3 years probation, whereas it was now being used to enhance a sentence to imprisonment for life); and (2) petitioner was not advised of his right to appeal, did not know he could appeal, and could not afford an attorney, *People v. Harrison*, 32 Ill.App.3d 641, 336 N.E.2d 143 (1st Dist. 1975). Moreover, in *People v. Leadley*, 26 Ill.App.3d 401, 331 N.E.2d 284 (3rd Dist. 1975), petitioner requested an attorney to address the culpability issue but the court held that "the fact that petitioner filed an earlier post-conviction petition within the limitation period of the statute affirmatively demonstrates his inability to show that delay in filing his post-conviction petition was not due to his culpable negligence." *Id.* at 402, 331 N.E.2d 284. This holding appears to preclude resort to the culpable negligence exception if the petitioner has previously filed a post-conviction petition within the limitations period.

Justice Clark of the Illinois Supreme Court, in a dissenting opinion joined by Justice Stamos, recognized the restrictiveness of these cases. *People v. Bates*, 124 Ill.2d 81, 124 Ill.Dec. 407, 529 N.E.2d 227 (1988). In *Bates*, the Illinois Supreme Court held that the amendment changing the limitations period from twenty years to ten years applied retroactively to convictions prior to the effective date. The court further held that prisoners need not be allowed a "reasonable time" after the amendment within which to file their petitions because the culpable negligence exception provided an adequate "safety valve" against an unjust result. 124 Ill.2d at 88, 124 Ill.Dec. 407, 529 N.E.2d 227. The dissenting justices declared that "[r]eview of the pertinent case law indicates the utter fallacy inherent in the majority's reasoning." 124 Ill.2d at 90, 124 Ill.Dec. 407, 529 N.E.2d 227. The dissent then discussed the cases concerning the culpable negligence exception, declaring that they were unable to find even one appellate or supreme court case finding a lack of culpable negligence, and concluding

that "the criteria necessary to show a lack of 'culpable negligence' have been construed quite narrowly." 124 Ill.2d at 91, 124 Ill.Dec. 407, 529 N.E.2d 227.

These cases demonstrate that the culpable negligence standard is an exceptional means of relief which will be unavailable to virtually all petitioners. As such, the culpable negligence exception is analogous to the fundamental fairness exception to the waiver rule. *See Williams*, 502 F.2d at 1385 (the fundamental fairness exception is "a narrow one" and "[a]t this time there is no basis for assuming that [it] is likely to be substantially broadened; thus it would be futile to require every prisoner ..." to "first allow the Illinois courts an opportunity to determine whether their case presented those unique circumstances warranting relief from the waiver doctrine"). Because of the generally futile nature of the fundamental fairness exception, we held in *Williams* that resort to the state courts would be required only if direct precedent indicated that the exception would apply. 502 F.2d at 1386. Adoption of this standard for the culpable negligence exception as well would allow petitioners to avoid the futile and time-consuming gesture of submitting delayed petitions to the state courts.

A number of district courts have recently been faced with exhaustion issues similar to this case, probably because the limitations period had been shortened from twenty to ten years and the retroactive application precludes relief for many petitioners. The district courts have recognized some of the problems with the culpable negligence exception, but have generally found themselves bound by our holding in *Stevens v. Ragen*, 244 F.2d 420 (7th Cir.1957). For instance, in *Milone v. Camp*, 643 F.Supp. 679 (N.D.Ill.1986), the court declared that *Stevens* required a habeas petitioner to file a late post-conviction petition with the state court prior to seeking habeas relief. 643 F.Supp. at 684. The court, however, declared that the petitioner need not file such a petition if he could not make any good faith allegation that the failure was not due to his culpable negligence. 643 F.Supp. at 684. In *Milone*, the court found

that a good faith argument could be made, and the habeas petition was dismissed for failure to exhaust state remedies. 643 F.Supp. at 681. In a later case, that same court found that no good faith argument could be made, and the petitioner was held to have exhausted his state remedies. *Branion v. Gramly*, 664 F.Supp. 1149 (N.D.Ill.1987). At least one other case has acknowledged this approach of determining whether a good faith argument could be made. *Baptist v. O'Leary*, No. 84–C–8333, 1989 WL 135248 (N.D.Ill. October 23, 1989). Finally, in *Baugh v. Lane*, 722 F.Supp. 525 (C.D.Ill.1989), the court held that the possibility of demonstrating a lack of culpable negligence was so exceedingly low that dismissal for failure to exhaust state remedies would be improper. 722 F.Supp. at 529–31. In reaching that conclusion, the court reviewed the cases in Illinois in which petitioners failed to meet the exception, and determined that a dismissal would be met with a dismissal by the state court. 722 F.Supp. at 530.

These district court cases indicate that the courts are unwilling to automatically send a petitioner to state court with an untimely post-conviction petition. Instead, the courts have examined whether a "good faith" argument can be made, or have analyzed Illinois caselaw and simply determined that the gesture would be a futile one. These approaches are somewhat troublesome because they involve the district court in hypothesizing arguments that petitioners might assert to meet the culpable negligence exception. *See Baugh*, 722 F.Supp. at 530; *Milone*, 643 F.Supp. at 684–85. Given the absence of Illinois cases finding a lack of culpable negligence, district courts cannot predict what circumstances will be sufficient. Instead, the courts have confined themselves to weeding out cases which clearly would not meet the exception. This approach is itself a departure from the wording of *Stevens*, which provides that the Illinois courts must make that determination. We believe the better approach is to forego resort to the Illinois post-conviction process if a petition would be untimely, absent judicial prece-

dent indicating that the culpable negligence exception would be met. Such a holding avoids the "merry-go-round procedure" noted in *Williams* by which prisoners are "shuttled back and forth between the state and federal courts before any decision on the merits is ever reached" in order to exhaust meaningless remedies. *Williams,* 502 F.2d at 1386–87.

 Therefore, we hold that a habeas claim will not be dismissed for failure to exhaust state remedies if a post-conviction petition would be untimely under Ill.Rev. Stat. 38, § 122–1 unless Illinois precedent indicates that petitioner could demonstrate lack of culpable negligence under § 122–1. Under this test (which was at the time of his decision unavailable to the district judge), Harris is determined to have effectively exhausted his state court remedies. Because of our decision regarding the Illinois limitations period, we need not address the res judicata issues raised in this appeal.[2]

Accordingly, the decision of the district court is

VACATED AND REMANDED.

---

2. The Motion to Strike Appellant's Statement of the Case as argumentative in violation of Circuit Rule 28(d)(1) and the Motion for Leave to Sup-plement the Record which were submitted with this appeal are denied.