UNITED STATES of America ex rel.
Jasper JOHNSON, Petitioner,

v.

Jerry D. GILMORE, Respondent.

No. 93 C 4082.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 17, 1994.

Jasper Johnson, pro se.

Terence Madsen, Martha E. Gillis, Illinois Atty. General's Office, Chicago, IL, for respondents.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is Jasper Johnson's ("Johnson") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition is denied.

## BACKGROUND

Johnson was convicted of murder and sentenced to prison for fifteen to forty-five years by the Circuit Court of Cook County on August 2, 1974. The Illinois Appellate Court affirmed his conviction in 1976. *People v. Johnson,* 42 Ill.App.3d 425, 355 N.E.2d 699 (1976). In his habeas petition, Johnson claims that he was twice denied leave to appeal to the Illinois Supreme Court. Furthermore, Johnson contends that he filed a motion for habeas relief from judgment, pursuant to Ill.Rev.Stat. ch. 110, para. 72 (1975), and a post-conviction petition. Both filings were denied.

In July 1993 Johnson filed this petition for a writ of habeas corpus. The petition presents the following twelve grounds for relief: (1) whether the trial court improperly amended the record; (2) whether the trial court improperly excluded evidence pertaining to an argument between the victim and Johnson; (3) whether the trial court improperly excluded evidence purportedly explaining why Johnson traveled to Arkansas after the shooting incident; (4) whether the trial court erred in restricting Johnson's attorney from cross-examining a state witness; (5) whether the trial court erred in failing to instruct the jury on the defense of accident; (6) whether Johnson was proved guilty beyond a reasonable doubt; (7) whether it was error to play two times a recorded conversation between Johnson and the police that took place after the shooting; (8) whether the prosecutor's closing argument was prejudicial in that he referred to evidence outside the record; (9) whether Johnson received less than adequate assistance of counsel; (10) and (12) whether his § 72 motion, seeking leave to appeal, should have been addressed substantively rather than dismissed on procedural grounds; and (11) whether he was denied compulsory process precluding him from obtaining a witness' testimony, which he claims is new exculpatory evidence, that would have corroborated his defense.

## DISCUSSION

"When a federal district court reviews a state prisoner's habeas corpus petition pursu-

ant to 28 U.S.C. § 2254 it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991) (quoting 28 U.S.C. § 2254). A Federal District Court does not review the petitioner's judgment of itself, rather the court reviews the constitutionality of the petitioner's custody. *Id.*

### A. Procedural Default

Before the court may reach the merits of a petition for a writ of habeas corpus, it must ascertain whether petitioner has satisfied two distinct procedural requirements. *Jones v. Washington,* 15 F.3d 671, 674 (7th Cir.1994). Failure to satisfy both requirements results in procedural default. *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir.1988). The first procedural requirement is that of exhaustion. 28 U.S.C. § 2254(b); *Harris v. Champion,* 15 F.3d 1538, 1554 (10th Cir.1994) (stating that exhaustion is the threshold question in every habeas case). Out of a concern for federal-state comity, the federal courts require petitioners to give state courts an opportunity to consider petitioners' constitutional claims first. *Jones,* 15 F.3d at 674; *Verdin v. O'Leary,* 972 F.2d 1467, 1473 (7th Cir.1992). It is incumbent on the petitioner to exhaust all possible state remedies before he may entertain a petition for habeas corpus relief. *Castille v. Peoples,* 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Jones,* 15 F.3d at 674.

■ Respondent Jerry D. Gilmore ("Respondent") does not address the issue of exhaustion in its Answer as he must in violation of Rule 5 of 28 U.S.C. § 2254. *See Granberry v. Greer,* 481 U.S. 129, 133, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987) (asserting that the State "has a duty to advise the district court whether the prisoner has, in fact, exhausted all available state remedies"). The case of *Truitt v. Jones,* 614 F.Supp. 1342 (D.C.Ga.1985) provides guidance. The *Truitt* court held that "[i]f the respondents do not categorically state in the answer ... their position regarding exhaustion, the defense of non-exhaustion is waived." *Id.* at 1346 n. 10 (citing *Thompson*

*v. Wainwright,* 714 F.2d 1495 (11th Cir. 1983)). However, the Supreme Court in *Granberry* added that an appellate court may revisit the issue in exceptional cases. *Granberry,* 481 U.S. at 133, 107 S.Ct. at 1675. The standard for the appellate review in exceptional cases, then, is "whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim." *Id.* The court finds that Respondent failed to appropriately address the exhaustion doctrine; thus, Respondent waives it as a defense.

■ Nevertheless, Johnson does consider the exhaustion doctrine, even though Respondent does not; and the court will address the exhaustion doctrine directly since the doctrine remains a procedural issue. Johnson asserts that he filed leave to appeal to the Illinois Supreme Court twice and filed a post-conviction petition eighteen years after the conviction. On March 19, 1992, the post-conviction petition was denied by the trial court on the ground that the petition was filed untimely. Johnson concludes that, as a result of the denial, all meaningful post-conviction remedies are exhausted. Johnson cites *Harris v. DeRobertis,* 932 F.2d 619 (7th Cir.1991) as authority. In *Harris,* the Seventh Circuit Court of Appeals addressed untimely filed post-conviction petitions under Ill.Rev.Stat. ch. 38, para. 122–1 (currently 725 ILCS 5/122–1). *Id.* That statute requires one to file a petition within a set period of time. The time limitation can be avoided, however, if the individual can show a lack of culpable negligence for the delay. *Id.* The *Harris* court discovered that Illinois case law had yet to recognize one instance where a petitioner established a lack of culpable negligence. *Id.* at 622; *Jones v. Washington,* 15 F.3d 671, 674 (7th Cir.1994). Thus, the *Harris* court held that "a habeas claim will not be dismissed for failure to exhaust state remedies if a post-conviction petition would be untimely under [the post-conviction statute] unless Illinois precedent indicates that petitioner could demonstrate lack of culpable negligence under § 122–1."

932 F.2d at 624. "In the absence of direct precedent suggesting that the Illinois courts would allow [petitioner] to file an untimely second post-conviction petition on a claim previously raised, [petitioner] has exhausted his state court remedies." *Jones,* 15 F.3d at 674. In the case at bar, Johnson claims that the post-conviction petition was filed untimely and was denied on September 16, 1992. Furthermore, Respondent has not produced any Illinois precedent to indicate how a petitioner could show a lack of culpable negligence under the Illinois statute. Accordingly, since Johnson has fairly attempted to pursue the available state remedies, he has satisfied the exhaustion doctrine.

■ The second procedural requirement mandates that, before a federal court will hear particular issues, a petitioner for a writ of habeas corpus must raise those issues during the course of the state court proceedings. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Jones,* 15 F.3d at 674. "The substance of a federal claim in a petition for habeas corpus must first be presented to the state courts." *Id.* (citing *Picard v. Connor,* 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). "[A] convicted state prisoner who fails to seek leave to present to the highest state court the constitutional objections that form the basis of his federal habeas petition waives his objections unless he can show cause for his default and prejudice from the alleged constitutional infirmities." *Nutall v. Greer,* 764 F.2d 462, 465 (7th Cir.1985). That is, failure to raise issues in a post-conviction proceeding results in procedural default of those issues. *Id.*

In the case at bar, Respondent contends that issues 1 and 4–12 were not appealed to the Illinois Supreme Court. In addition, Respondent contends that Johnson does not fall under the exception to procedural default in that Johnson has not demonstrated either cause for failing to raise the issues, or "prejudice from the alleged constitutional infirmities." (Mem. in Opp'n to Pet. for Writ at 6). In contrast, Johnson asserts that the issues have been appropriately raised.

■ To determine whether issues were appealed to the highest court, the focus is normally on the last state court to render an opinion. *Prihoda v. McCaughtry,* 910 F.2d 1379, 1383 (7th Cir.1990); *see Mason v. Gramley,* 9 F.3d 1345 (7th Cir.1993) (holding that petitioner must raise all constitutional claims to the state supreme court in his petition for leave to appeal). Here, the last state court to render an opinion was the Illinois Appellate Court; its opinion is found in *People v. Johnson,* 42 Ill.App.3d 425, 355 N.E.2d 699 (1976). The Illinois Appellate Court addressed the following issues:

(1) did the trial court err in allowing an amendment of the record on appeal; (2) did the trial court improperly exclude certain evidence; (3) did the second playing of a tape recording of defendant's telephone conversation with the police prejudice defendant; (4) did the prosecutor's closing argument improperly refer to evidence outside the record; (5) did the trial court err in refusing to give a separate instruction on the defense of accident; and (6) was defendant proved guilty beyond a reasonable doubt.

*Id.* 355 N.E.2d at 701. The evidentiary issues which the appellate court considered were whether:

(a) the trial court improperly excluded evidence of an argument between defendant and decedent immediately prior to her death; (b) the trial court improperly excluded evidence of defendant's reasons for going to Little Rock, Arkansas, immediately after the shooting; and (c) the trial court improperly limited defendant's cross-examination of Nellie Tillman, mother of the deceased.

*Id.* Furthermore, that court specifically disregarded the amendment to the record and only considered the record as originally submitted. *Id.* at 704. Thus, ground one of Johnson's petition, alleging that the record was improperly amended to the appellate court, is without merit. Accordingly, this court may not consider grounds 9–12 "unless he can show cause for his default and prejudice from the alleged constitutional infirmities." *Nutall,* 764 F.2d at 465.

*B. Cause and Prejudice Exception*

Federal courts have carved out an exception for habeas petitioners whose claims fail to meet the procedural requirements. In order to demonstrate cause and prejudice,

and thereby circumvent a procedural default, a petitioner may (1) show some external factor caused his failure to raise the issues; (2) demonstrate that a fundamental miscarriage of justice will take place; or (3) argue that ineffective assistance of counsel was the cause for the failure to raise the issues.[1] However, non-constitutional errors that could have been raised on direct appeal but were not are barred regardless of cause and prejudice. *Bontkowski v. United States,* 850 F.2d 306, 313 (7th Cir.1988) (citing *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969)); *see also United States v. Cranshaw,* 817 F.Supp. 723, 727 (N.D.Ill. 1993).

■ In the instant petition, Johnson fails to show cause and prejudice. First, Johnson does not attempt to delineate any factor which caused his failure to raise the issues in state court. Second, Johnson does not show that he was prejudiced by a fundamental miscarriage of justice. The United States Supreme Court has stated that a fundamental miscarriage of justice exists where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Coleman,* 501 U.S. at 750, 111 S.Ct. at 2564 (citing *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986) (holding that habeas review is available in such cases despite lack of showing of cause for procedural default)). Here, Johnson fails to demonstrate that a fundamental miscarriage of justice has occurred.

■ Third, Johnson may not argue that ineffective assistance of counsel was the cause of his failure to raise the issues he now attempts to raise in his petition. The court in *Harris* stated that "the claim of ineffective assistance of appellate counsel, when used to show cause for procedural default, must itself be exhausted in state court." 932 F.2d at 620 (citing *Murray,* 477 U.S. 478, 106 S.Ct. 2639). Thus, the ineffective assistance of counsel issue is procedurally barred by Johnson's failure to raise it in the state court. Accordingly, Johnson's failure to raise issues

alleged in grounds 9–12 does not rise to the level of cause and prejudice.

## C. Independent State Grounds

■ Respondent contends that many of the claims presented to the Illinois Appellate Court were based on independent and adequate state grounds. In an effort to avoid rendering advisory opinions, federal courts will not review issues which are independently and adequately based on state law, provided there is no federal question. *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991). The relevant inquiry becomes whether the state court decision was based on state or federal law. The United States Supreme Court held that a state decision is independently based on state law where the state court clearly and expressly articulated that it relied on state law. *Michigan v. Long,* 463 U.S. 1032, 1039, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983).

The *Coleman* case involved a § 2254 habeas petition. 501 U.S. at 729, 111 S.Ct. at 2554. The Court wrote that the doctrine of independent and adequate state grounds will be applied "in deciding whether federal district courts should address the claims of state prisoners in habeas corpus actions." *Id.* The doctrine is founded in concerns of federalism and comity. *Id.* Where the state decision rests on state law, "a subsequent ruling on the substantive federal question by the United States District Court is precluded. Otherwise, the decision would be merely advisory because, regardless of the decision by the district court, the state disposition would stand...." *Willis v. Aiken,* 8 F.3d 556, 561 (7th Cir.1993).

To ascertain whether a state court denied a claim based on its own laws, independent of federal law, the *Coleman* Court analyzed a presumption set forth in *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469. In *Long,* the Supreme Court set forth a conclusive presumption finding that, where a state court fairly appeared to rest primarily on federal law, the state court decision shall not be

---

1. Additionally, Johnson may argue that counsel's failure to raise the issue was an independent violation of his right to effective assistance of counsel under the Sixth Amendment. *Strickland*

*v. Washington,* 466 U.S. 668, 701, 104 S.Ct. 2052, 2071, 80 L.Ed.2d 674 (1984); *see infra* part E.

viewed as independent and adequate unless the court clearly and expressly stated its decision was based on independent grounds. *Long*, 463 U.S. at 1039, 103 S.Ct. at 3476. The *Long* presumption was first applied to a habeas case in *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). However, the *Coleman* Court emphasized that the presumption in *Long* and *Harris* will not apply in every habeas case. *Id.; see Willis*, 8 F.3d at 561. Instead, there is a predicate to the application of the presumption: the federal court must determine that it "fairly appears that the state court rested its decision primarily on federal law." *Coleman*, 501 U.S. at 735, 111 S.Ct. at 2557; *Willis*, 8 F.3d at 565. Accordingly, a Federal District Court must determine if the predicate exists before applying the conclusive presumption of *Harris*.

In the case *sub judice*, looking to the Illinois Appellate Court opinion, it fairly appears that the Illinois Appellate Court did not rest its decision primarily on federal law. Instead, the Illinois Appellate Court decided grounds two through eight on state criminal and evidentiary law. No federal constitutional issues were specifically discussed. Accordingly, this court finds that grounds two through eight are based on independent and adequate state grounds.

### D. Constitutional Review

■ However, as Respondent recognizes, when properly raised, the Seventh Circuit Court of Appeals may look beyond the independent and adequate state grounds analysis to consider state evidentiary matters under the light of the United States Constitution. In this matter, it appears that Johnson did not raise any due process challenges to the Illinois courts. Nevertheless, the court deals with certain grounds under that analysis here.

The Seventh Circuit has acknowledged, though, that "state court evidentiary rulings, because they are a matter of state law, will rarely serve as a proper basis for granting a writ for habeas corpus." *Haas v. Abrahamson*, 910 F.2d 384, 389 (7th Cir.1990); *Burrus v. Young*, 808 F.2d 578, 580–81 (7th Cir.1986) (holding that state evidentiary errors ordi-

narily "will not rise to the level of a constitutional violation"). Yet, a writ may issue, despite independent and adequate state grounds, where the Due Process Clause is violated. "[U]nless a specific constitutional right has been violated, a federal court can issue a writ of habeas corpus only when a state evidentiary ruling violates the defendant's due process rights by denying him a fundamentally fair trial." *United States ex rel. Lee v. Flannigan*, 884 F.2d 945, 953 (7th Cir.1989); *Haas*, 910 F.2d at 389; *Woodruff v. Lane*, 818 F.2d 1369, 1373 (7th Cir.1987); *Burrus*, 808 F.2d at 581. Furthermore, "granting a petition for habeas corpus requires more than a mere finding of prejudice." *Flannigan*, 884 F.2d at 953 (quoting *Woodruff*, 818 F.2d at 1373). "A writ of habeas corpus should issue ... when an erroneous evidentiary ruling 'is of such magnitude that the result is a denial of fundamental fairness.'" *Dudley v. Duckworth*, 854 F.2d 967 (7th Cir.1988) (quoting *United States ex rel. Palmer v. DeRobertis*, 738 F.2d 168, 170 (7th Cir.1984)).

" 'In order to establish the denial of due process, the petitioner must prove that the asserted error was so "gross," "conspicuously prejudicial," or otherwise of such magnitude that it fatally infected the trial and failed to afford the petitioner the fundamental fairness which is the essence of due process.'" *Burrus*, 808 F.2d at 584 (quoting *Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir.1976)). The critical issue is whether the prejudicial impact of the evidence, admitted or omitted, so outweighed its probative value that the error fatally infected the trial and, thus, denied petitioner a fundamentally fair trial as mandated by the Due Process Clause of the United States Constitution. *Flannigan*, 884 F.2d at 953; *Woodruff*, 818 F.2d at 1373; *see Dudley*, 854 F.2d at 970; *Burrus* 808 F.2d at 585; *Palmer*, 738 F.2d at 171.

Furthermore, even assuming that the state court committed an evidentiary error, the error itself may be considered harmless. A conviction will not be reversed if the errors have no "likelihood of changing the result of the trial, ... [or] denying [defendant] a fundamentally fair trial." *United States ex rel. Bradley v. Lane*, 834 F.2d 645, 651 (7th

Cir.1987); *Dudley*, 854 F.2d at 978 (Coffey, J., dissenting). "[T]here may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967).

■ This court finds that, "[a]fter reviewing the record, [it] cannot conclude that the probative value of the evidence [admitted or omitted] is greatly outweighed by its prejudicial effect." *Flannigan*, 884 F.2d at 953. Pertaining to grounds two and three of Johnson's petition, admitting evidence of the argument between the victim and Johnson and evidence concerning Johnson's flight to Arkansas after the shooting would have constituted minimal exculpatory significance, especially considering that the trier of fact learned of both the argument and Johnson's flight. *Johnson v. Chrans*, 844 F.2d 482, 484 (7th Cir.1988) (applying a balancing test and weighing the exculpatory significance against the procedural rule that prevented its admission).

■ Ground four claiming that Johnson's cross-examination was restricted is without merit. Counsel did not lay the proper foundation to impeach. *People v. Johnson*, 42 Ill.App.3d 425, 355 N.E.2d 699, 707 (1976). Therefore, Johnson was not prejudiced. Accordingly, Johnson fails to establish that he did not receive a fundamentally fair trial under the Due Process Clause.

■ Pertaining to ground five, that the judge erroneously instructed the jury, the court is mindful "that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973); *see Boyde v. California*, 494 U.S. 370, 378, 110 S.Ct. 1190, 1196, 108 L.Ed.2d 316 (1990). "Before a federal court may overturn a conviction resulting from a state trial ... it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it vio-

lated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Cupp*, 414 U.S. at 146, 94 S.Ct. at 400; *Grimes v. Wells*, No. 91–1532, 1991 WL 270830 (6th Cir. Dec. 17, 1991). Furthermore, in *Nutall*, the court held that a separate jury instruction on accident was not necessary. 764 F.2d at 468. "An instruction on death by misadventure simply tells the jury that the defendant must be found not guilty if the requisite mental state is lacking." *Id.* (citing *People v. Witherspoon*, 55 Ill.2d 18, 302 N.E.2d 3, 6 (1973)). Accordingly, the lack of a separate instruction on accident did not unconstitutionally prejudice Johnson.

■ The court finds the sixth ground of the petition, questioning to the establishment of Johnson's guilt beyond a reasonable doubt, to be without merit. "[A district court] must view all of the evidence in the light most favorable to the state, and determine whether, viewing the record as a whole, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Shore v. Warden, Stateville Prison*, 942 F.2d 1117, 1122 (7th Cir.1991); *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791–92, 61 L.Ed.2d 560 (1979). In this case, for example, Johnson admitted to shooting the decedent, and evidence showed that Johnson had abused the decedent on prior occasions. *Johnson*, 42 Ill.App.3d 425, 355 N.E.2d at 701–03. The court finds that under the standard articulated in *Shore*, the record as a whole demonstrates that a rational trier of fact would conclude that all the elements of murder were soundly established beyond a reasonable doubt.

■ Ground seven, concerning the second playing of a tape recorded conversation, does not rise to the level of a constitutional violation. The recorded telephone conversation was played a second time after the trial court learned that court reporter needed clarification. *Johnson*, 355 N.E.2d at 708. The court finds that Johnson failed to establish that the prejudicial affect of the evidence so outweighed its probative value that the error fatally infected the trial and, thus, denied petitioner a fundamentally fair trial.

■ With respect to ground eight's claim that the prosecutor's closing argument was prejudicial, Johnson carries the burden to establish that the closing remarks caused prejudice and had an effect on the jury. *Brecht v. Abrahamson,* — U.S. —, —, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993). "[Petitioners] are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.' " *Id.* at —, 113 S.Ct. at 1722. Johnson contends that the prosecutor referred to facts outside the record. "When prosecutorial statements are challenged as based on facts not in evidence, we review them under the two-part test in *United States v. Swiatek,* 819 F.2d 721 (7th Cir.1987)." *United States v. Jewel,* 947 F.2d 224, 229 (7th Cir.1991). " 'First, we determine whether, considered in isolation, the challenged remark was improper. If so, we reexamine the improper remark in light of the entire record to determine whether the remark deprived the defendant of a fair trial.' " *United States v. Smith et al.,* 26 F.3d 739 (quoting *Swiatek,* 819 F.2d at 731). When viewing this claim, the Illinois Appellate Court acknowledged that Johnson failed to make the proper objections and held that the issue was waived unless the defendant was denied a fair trial. *Johnson,* 355 N.E.2d at 708–09. The court finds no constitutional error. Accordingly, addressing grounds two through eight individually under the aforementioned standards, the court finds that Johnson's claims do not warrant habeas relief.

## E. Ineffective Assistance of Counsel

■ The ineffective assistance of counsel, presented in ground nine as an independent constitutional violation, may be raised for the first time in a habeas petition. *Guinan v. United States,* 6 F.3d 468, 471 (7th Cir.1993) (stating that ineffective assistance of counsel is a constitutional error and may be raised under § 2255); *Velarde v. United States,* 972 F.2d 826, 827 (7th Cir.1992) (allowing petitioner to raise the issue for the first time where petitioner's attorney on appeal was also his trial counsel). In order to prevail on the issue, though, Johnson carries a heavy burden to establish (1) that his counsel's performance was so deficient as to be objectively unreasonable, and (2) that there exists a reasonable probability that, but for the errors of counsel, the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *United States v. Moya-Gomez,* 860 F.2d 706, 763 (7th Cir.1988); *United States ex rel. Brooks v. Washington,* 824 F.Supp. 143, 146 (N.D.Ill. 1993). There exists a strong presumption that a criminal defendant's counsel provided reasonable professional assistance, which a defendant mounting an ineffective assistance of counsel challenge must overcome. *Kubat v. Thieret,* 867 F.2d 351, 359 (7th Cir.1989). The court's review of the record does not reveal any basis for overcoming the strong presumption of attorney competence.

## F. Newly Discovered Evidence

■ Because Johnson claims that new exculpatory evidence has surfaced after the Illinois Appellate Court decision,[2] this court will conclusively address it here. Ground eleven in Johnson's petition proclaims that he was denied the compulsory process for obtaining favorable witnesses. From the full text of the petition, it is clear that Johnson is actually claiming that new favorable eyewitness testimony exists which the jury did not hear. Based on that, Johnson believes his constitutional rights were violated. However, the law disagrees. *Guinan v. United States,* 6 F.3d 468 (7th Cir.1993). In *Guinan,* the Seventh Circuit held "that a refusal to grant a new trial on the basis of newly discovered evidence is not actionable in habeas corpus." *Id.* at 470 (citing *Herrera v. Collins,* — U.S. —, — – —, 113 S.Ct. 853, 860–62, 122 L.Ed.2d 203 (1993)). Justice Posner explained the rationale as follows:

A judge can hardly be faulted for having failed to give due weight to evidence that had not been known to exist at the time the defendant was convicted and sentenced.... The conviction of an innocent

2. A hearing was conducted November 19, 1976, one month after the Illinois appellate court published its opinion, *People v. Johnson,* 355 N.E.2d 699 (1976).

person is an injustice, but it is only when such a conviction results from a legal error that the courts speak of a "miscarriage of justice" that warrants a new trial. Even then, unless the error is of constitutional magnitude, a federal court does not have the power to correct it in a proceeding brought under the habeas corpus statute (section 2254)....

*Id.* at 470–71 (citations omitted). Accordingly, ground eleven of Johnson's petition is not actionable in this habeas petition.

In sum, ground one is moot since the appellate court did not consider the amended material. Grounds two through eight are barred since they were decided on independent and adequate state law, and, moreover, the alleged errors do not rise to the level of constitutional violations. Grounds ten and twelve are procedurally barred because they were not appropriately raised in the state courts. Lastly, grounds nine and eleven are dismissed on their merits.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied.

IT IS SO ORDERED.