56 F.3d 67
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Billy JACKSON, Plaintiff-Appellant,
v.
Michael O'LEARY, Defendant-Appellee.
 No. 92-2255.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1995.*
Decided May 30, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Billy Jackson, an inmate at Stateville Correctional Center in Joliet, Illinois, filed a petition for a writ of habeas corpus based on the alleged ineffective assistance of the public defender who represented him at his armed robbery trial.
 
 BACKGROUND
 
 2
 Jackson was convicted for the armed robbery of Mark Pounovich, someone Jackson had met through mutual friends. The robbery occurred on August 2, 1983 at Pounovich's Chicago apartment. On August 19, 1983, Pounovich was robbed in his home again, and he again identified Jackson as his assailant. On August 22, 1983, Chicago Police arrested Jackson in front of an apartment occupied by John Johnson. Later that day Pounovich picked Jackson out of a police lineup. Jackson was charged with both crimes. Jackson was tried and convicted of the August 2 robbery. Although the August 19 robbery had not yet been litigated, the trial court considered the second robbery when calculating Jackson's sentence for the first robbery. Following the sentencing for the first robbery, the state did not prosecute the second robbery.
 
 
 3
 The procedural history of this habeas corpus action warrants our attention. Jackson's direct criminal appeal attacked only his twenty-year sentence, arguing that it was excessive. The appellate court affirmed the sentence. Jackson appealed that decision to the Illinois Supreme Court, which denied the petition for leave to appeal. Jackson then sought state post-conviction relief. The trial court denied the motion. Nothing in our record indicates that an appeal was taken in the Illinois Appellate Court. The record does show, however, that Jackson prepared a petition to the Illinois Supreme Court arguing ineffective assistance of trial counsel, and arguing that the trial court wrongly dismissed his post-conviction petition. The Illinois Supreme Court denied review of his petition without explanation.
 
 
 4
 Jackson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the district court, raising a variety of issues that were not raised in the state court. Only his ineffective assistance claim was raised in the post-conviction proceedings. The district court held that Jackson procedurally defaulted his claims, but suggested that ineffective assistance of appellate counsel may establish the necessary cause for his state procedural default. The district court allowed Jackson to file a brief making this argument. Later, the district court held that appellate counsel was not ineffective, but in light of the "important constitutional right at stake", the court held that sufficient cause existed for the procedural default. The district court also held that Jackson was prejudiced by the default because trial counsel did not call witnesses that, based on their affidavits to the district court, may have provided Jackson with an alibi. See Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992). In light of the cause and prejudice, the district court entertained Jackson's habeas corpus petition.
 
 
 5
 The district court conducted an evidentiary hearing to determine whether the absent alibi witnesses would exculpate Jackson. The arguments dealt with whether Jackson was prejudiced by the absence at trial of Beverly Jackson, John Johnson, and Walter Coleman, all of whom, allegedly, would testify that Jackson was incarcerated at the time of the offense.
 
 
 6
 Jackson testified that on August 2, 1983 he was with John Johnson all day, spending time at a laundromat, at Johnson's apartment watching football, and then at the beach. (v.1, p. 20).[1] Jackson also testified that Walter Coleman, a friend of his who could not be located to testify at the hearing, visited him at Cook County Jail on approximately August 13, 1983. (v.1, p. 23).
 
 
 7
 John Johnson testified that Jackson had stayed overnight at Johnson's apartment on several occasions around July and August 1983. (v.1, p. 45). Johnson saw Jackson arrested, but does not recall what day the arrest occurred. (v.1, p. 46). He testified that it was "somewhere in there" when asked if the arrest could have occurred on August 1, 2, 3, or 4. Johnson testified that the arrest definitely occurred before his wedding on August 13, 1983. (v .1, p. 49). On cross-examination, Johnson could not specifically recall the August 2, 1983 events to which Jackson testified that provided an alibi for the first robbery. (v.1, p. 53). Johnson testified that he saw Jackson occasionally outside of jail after August 2 or 3. (v.1, p. 52). Johnson visited Jackson in prison twice shortly following the arrest, but Johnson does not know the dates of those visits. (v.1, p. 47). Johnson stated that he had never been contacted by Jackson's trial counsel. (v.1, p. 48). Beverly Jackson, petitioner's ex-wife, testified that she visited Jackson at Cook County Jail between August 8 and August 15, 1983. (v.1, p. 64, 68-69).
 
 
 8
 The district court also considered a letter from the state trial court judge that cast a dark shadow over defense counsel's performance.[2] The state submitted Cook County Department of Corrections ("CCDOC") records showing that Jackson was taken into custody by the CCDOC on August 23, 1983.
 
 ANALYSIS
 
 9
 Illinois has a procedural by which a court may summarily dismiss a post-conviction motion without examination of the record or appointment of counsel. 725 ILCS 5/122-2.1; People v. Porter, 122 Ill.2d 64; 521 N.E.2d 1158 (1988). Section 5/122-2.1 states that a motion may be dismissed in this manner if, within 30 days, the court determines the motion is frivolous or patently without merit. The court dismissed Jackson's motion because his direct criminal appeal was still pending. In the dismissal order, the court also stated that Jackson's motion was frivolous and patently without merit. The court did not cite section 5/122-2.1, nor did the court indicate that it fulfilled the timing requirements of section 5/122-2.1, a necessity for dismissal as "frivolous or patently without merit". See, e.g., People v. Jackson, 176 Ill.App.3d 15, 530 N.E.2d 993 (1st Dist.1988) (challenge to section 5/122-2.1 dismissal upheld because record contained no indication that 30-day deadline to dismiss was fulfilled). In addition, the trial court failed to fulfill the section 5/122-2.1 requirement that it state its findings of fact and conclusions of law made in reaching its decision to dismiss the case. People v. Bostic, 173 Ill.App.3d 428, 527 N.E.2d 1109 (1st Dist.1988). Because of these shortfalls, and because Illinois direct criminal appeal decisions are res judicata as to issues raised in post-conviction motions, we believe that the trial court dismissed Jackson's motion due to its prematurity.
 
 
 10
 The question then arises whether Jackson exhausted his state court remedies, a requirement to federal court review of his section 2254 claims. Jackson filed his petition in the district court in 1989. At that time, Illinois law allowed post-conviction motions to be filed within ten years of conviction. 725 ILCS 5/122-1. The statute has been amended since then to limit filing of post-conviction motions to three years following a conviction. If Jackson were to file a post-conviction motion now it would be time barred. In addition, the time bar would not be excused because Jackson cannot show that the delay did not result from his culpable negligence. 725 ILCS 5/122-1; People v. Heirens, 1995 WL 109094, * 8 (Ill.App. 1 Dist. March 15, 1995) (time bar not waived because defendant's previous post-conviction motion illustrated familiarity with process); see, e.g., People v. Leadley, 26 Ill.App.3d 401, 331 N .E.2d 284 (3d Dist.1975) (prior timely filing of post-conviction petition dispositive concerning culpable negligence in subsequent late filing). In Harris v. DeRobertis, 932 F.2d 619, 622 (7th Cir.1991), we held that a petition for a writ of habeas corpus will not be dismissed for failure to exhaust state remedies if a post-conviction petition would be untimely and the petitioner could not demonstrate a lack of culpable negligence. Id. at 624. Because returning Jackson's claims to the state court would be futile, he has exhausted his state court remedies.
 
 
 11
 Jackson has one more hurdle to clear before we are able to address the substance of his claims. He must establish that he has not procedurally defaulted his habeas corpus claims. In Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991), the Supreme Court stated that the reasoning employed by the last state court to explain its rejection of a federal claim will be imputed to a later state judgment that rejected the same claim without explanation. The Illinois Supreme Court did not explain why it denied review of Jackson's post-conviction claim. Therefore, the prematurity of Jackson's post-conviction motion that was the basis of the trial court denial also will serve as the basis of the supreme court denial. Jackson has procedurally defaulted by prematurely bringing his post-conviction motion, then failing to timely file it later. Unless Jackson can show cause and prejudice or a fundamental miscarriage of justice, we will not consider his federal claim. Whitlock v. Godinez, 51 F.3d 59 (7th Cir.1995); (citing Schlup v. Delo, 115 S.Ct. 851 (1995)). The district court correctly determined that appellate counsel was not ineffective, but its decision that "cause" existed for some other, unexplained, reason was in error. Jackson failed to show cause. In addition, this court has the benefit of the "alibi" witnesses' testimony from the evidentiary hearing, and based on that evidence, Jackson cannot establish either prejudice or a fundamental miscarriage of justice.
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R.App. P. 34(a); Cir. R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Citations are to the three-volume transcript of the district court evidentiary hearing
 
 
 [2]
 The letter stated:
 I have reviewed the transcript of the case and tried to reflect on my memory but do not recall specifically all of the facts of this case. However, I will state [defense counsel] did not file a motion for new trial and did not argue it which I deem to be unusual. In most instances during my tenure of the criminal court, lawyers seeking a new trial would not only file a written motion but would arbitrate and argue the points made at great lengths.
 I also specifically recall that I did read the name of all purported witnesses including two alibi witnesses who were never called by [defense counsel]. I can not [sic] state that this was error by her because each attorney has his own strategy.
 Overall I would have to say that [defense counsel's] effectiveness in this case was very minimal.